Patxot, Apelante, v. Nadal et al., Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 958.—Resuelto en abril 11, 1913.

Demanda Enmendada—Envío al Secretario por Correo—Computación de Términos.—El término de veinte días concedido al apelante para presentar la demanda enmendada, debe computarse desde el día siguiente a la orden concediéndole permiso para ello y se considera presentada dicha alegación enmendada cuando la recibe el secretario y nó cuando se deposita en el correo.

Id.—Depósito en el Correo.—Los artículos 321 y 322 del Código de Enjuiciamiento Civil no tienen aplicación a la presentación de una demanda enmendada.

Id.—Presentación de la Enmienda Fuera de .Término—Discreción.—El permitir presentar una enmienda o alegación enmendada fuera de tiempo, descansa en la discreción del tribunal.

Desestimación de la Acción—Abuso de Discreción—Presentación de una Enmienda Fuera de Término.—Una sentencia desestimando una acción por haber sido presentada una demanda enmendada fuera de término, no será revocada por este tribunal, a menos que se demuestre que el tribunal ·inferior abusó de su facultad discrecional.

Id.—Término para .Presentar una Demanda Enmendada—Abuso de Discreción.—Se resolvió que el tribunal inferior no abusó de su facultad discrecional dictando sentencia desestimando la acción por haber sido presentada la demanda enmendada dos días después de expirado el término de veinte días que se concedió al demandante para dicho fin. Sobre todo no habiendo demostrado causa legal alguna para no haberla presentado en tiempo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado Salvador Nadal: *Sr. José de Diego.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez en 30 de octubre de ·1912, después de declarar con lugar una excepción previa por el fundamento de que la demanda era ambigua, concedió al demandante y apelante el término de veinte días para enmendar su demanda. En 21 de noviembre de 1912, el secretario de la· corte de distrito recibió por correo una· demanda enmendada, de modo que dicha demanda enmendada fué

recibida por el secretario veintidós días, en vez de veinte,
después de haberse dado el permiso para hacer enmiendas.
Los demandados presentaron una moción para que se deses-
timara la acción por el fundamento de que la demanda en-
mendada había sido presentada después de vencido el término
señalado en la orden, cuya moción fué declarada con lugar
por la corte. Alega el apelante que como él tenía derecho a que
le fuera notificada la orden, el término solamente empezó a
correr desde el día 31 de octubre, y que como la demanda
enmendada fué depositada en el correo el día 20 del mes si-
guiente, o sea el 20 de noviembre, dicho apelante estaba dentro
del término fijado. La ley no exigía que se hiciera ninguna
notificación de la orden dictada anteriormente sobre la excep-
ción previa, y por tanto, el término de veinte días, que era
más que suficiente, empezó a correr desde el día 30 de octubre
exclusive. Además, con el hecho de poner en el correo una
alegación que ha sido enmendada, no se cumple suficientemente
con la ley. La alegación debió estar en poder del secretario
el día 20, o antes. Los artículos 321 y 323 del Código de En-
juiciamiento Civil no tienen aplicación, pues ellos solamente
amplían el término de las notificaciones o la entrega de docu-
mentos. La presentación de una alegación en la corte 'no
constituye dicha entrega. Los artículos, tal vez, pudieran ser
aplicables si la cuestión que se discute fuera la entrega de
las copias de las alegaciones a los abogados o a las partes.

Según la jurisprudencia de California y aquella que regula
este asunto y otros semejantes, resulta que la cuestión rela-
tiva a si una enmienda o alegación puede ser presentada
después de expirado el término señalado por la corte, es
una que pertenece a la discreción de la corte. *Bowers* v. *Dick-
erson,* 18 Cal., 420; *Carter* v. *Paige,* 20 Pac., 729; *Barling* v.
*Weeks,* 4 Cal. App., 456; 31 Cyc., 354, 355. Y no se revocará
una sentencia en la que se desestima una demanda por no
hacerse la presentación en tiempo, a menos que se demuestre
que ha habido un abuso de discreción. En el presente caso,
el apelante no ha alegado que se haya cometido ningún abuso

de discreción, habiendo sostenido por el contrario que ejercitó estrictamente sus derechos. Hemos examinado los autos y no podemos expresar que la corte haya cometido ningún abuso de discreción, puesto que se concedieron al apelante veinte días para presentar enmiendas, lo que no verificó y especialmente porque la demanda original no ha sido sometida a nuestra consideración, no habiéndose alegado ninguna excusa satisfactoria por no haberse presentado la demanda a su debido tiempo. La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.