Oronoz, Demandante y Apelado, *v.* Montalvo et al., Demandados y Apelante el Primero.

Apelación procedente de la Corte de Distrito de Aguadilla en un caso de *injunction* para recobrar la posesión material de propiedad inmueble.

Moción del apelado para que se desestime la apelación.

Moción del apelante sobre reconsideración de la resolución desestimando la apelación.

No. 1140.—Resuelto primeramente en abril 15, 1914.

Resuelto en reconsideración en abril 28, 1914.

Desestimación de Apelación—Exposición del Caso no Radicada por Falta de Fondos del Apelante—Falta de Transcripción de Autos.—Cuando el proyecto de exposición del caso del apelante queda sin radicar en la secretaría de la corte inferior por no haber depositado dicha parte fondos para cubrir los. derechos de radicación a pesar de haber sido notificado para .ello por el secretario, es lo mismo que si no se hubiera presentado exposición del caso, y transcurrido el término de 30 días desde que se radicó el escrito de apelación sin que se .haya presentado la transcripción de autos en este tribunal, debe desestimarse la apelación.

MOCIÓN DE RECONSIDERACIÓN.

Id.—Reconsideración de Resolución—Hechos Nuevos Alegados en la Moción.—Este tribunal no considerará hechos nuevos alegados en la moción de reconsideración y que habiendo podido ser sometidos a la corte al dictar la resolución cuya reconsideración se pide, no lo fueron por omisión de la parte, a menos que se demuestren razones poderosas que constituyan una causa razonable para no haberlo hecho antes, las cuales no fueron alegadas en este caso.

Id.—Reconsideración de Resolución—Exposición del Caso no Radicada por Falta de Fondos.—Este tribunal no considerará hechos alegados en una moción de reconsideración para contradecir una certificación expedida por el secretario de una corte inferior, cuando tales hechos han podido y han debido ser alegados al contestar la moción de desestimación de apelación a la cual se acompañó dicha certificación.

Id.—Exposición del Caso Enviada por Correo y no Radicada—Radicación de Documentos.—Los preceptos del artículo 322 del Código de Enjuiciamiento Civil no son aplicables a documentos o alegaciones de las partes enviadas al secretario de una corte para su radicación, y cuando se emplea ese medio, la radicación surte efecto desde que' se hace y no desde que se depositó el documento en el correo.

Los hechos están expresados en la resolución.

Abogado del apelado: *Sr. Carlos Franco Soto.*
Abogado del apelante: *Sr.· Víctor P. Martínez.*

RESOLUCIÓN.

Por cuanto, con fecha 13 de febrero de 1914 la Corte de Distrito de Aguadilla dictó sentencia en este caso contra el demandado Susano Montalvo.

Por cuanto, con fecha 24 de febrero de 1914 se radicó en la secretaría del tribunal inferior el escrito de apelación contra dicha sentencia.

Por cuanto, en 5 de marzo de 1914 se recibió por correo en la secretaría del tribunal inferior el proyecto de exposición del caso y pliego de excepciones de la parte apelante que no ha sido radicado en dicha secretaría por no haber depositado la parte apelante el importe de los derechos de secretaría, a pesar de haber sido requerida para ello, ni por ese motivo ha sido presentado al juez del tribunal inferior dicho documento, no surtiendo por tanto efectos legales algunos y habiendo transcurrido el término de 10 días que señala el artículo 299 del Código de Enjuiciamiento Civil, enmendado por Leyes No. 70 de marzo 9, 1911 y No. 21 de marzo 11, 1913, y habiendo por tanto expirado el término de 30 días para radicar en este tribunal la transcripción de autos a contar desde el 24 de febrero en que se radicó el escrito de apelación, sin que se haya presentado dicha transcripción ni solicitado prórroga alguna para ello.

Por tanto, vistos el artículo 295, párrafo 1, del Código de Enjuiciamiento Civil, enmendado por Ley de marzo 11, 1908, el artículo 299 del mismo código, enmendado por las Leyes No. 70 de marzo 9, 1911 y No. 21 de marzo 11, 1913, y los artículos 303 del mismo código y 40, 58 y 60 del Reglamento de este tribunal, se declara con lugar la moción de la parte apelada, y en su virtud se desestima la apelación interpuesta por el demandado Susano Montalvo contra la sentencia dictada por la Corte de Distrito de Aguadilla el 13 de febrero

de 1914, y comuníquese a la corte inferior a los fines procedentes.

*Desestimada la apelación.*

Presentada moción de reconsideración fué esta denegada en abril 28, por medio de la siguiente opinión emitida por el Juez Asociado Sr. Wolf.

El apelante solicita la reconsideración de la resolución dictada por este tribunal el 15 de abril corriente desestimando la apelación interpuesta en este caso. En apoyo de esta reconsideración sostiene él que el secretario de la corte inferior tenía bastantes fondos en su poder para pagar los derechos de radicación del proyecto de exposición del caso y que por lo tanto debió haberlo radicado tan pronto como lo recibió por correo, y al efecto alega en su moción de reconsideración que el 9 de febrero último había depositado $5 en la secretaría del tribunal inferior y el 17 de abril corriente otros $5. Este último depósito ha sido hecho después que ya estaba desestimada esta apelación y en la contestación jurada que presentó el apelante oponiéndose a la moción de desestimación presentada por el apelado nada dijo en cuanto a estos extremos. Hay que tener en cuenta que tanto la moción pidiendo la desestimación de la apelación como la contestación del apelante oponiéndose a dicha moción están juradas, pero la moción de reconsideración no lo ha sido.

En una moción de reconsideración no deben alegarse nuevos hechos que no han sido considerados por este tribunal al dictar la resolución cuya reconsideración se pide, a menos que se expresen razones poderosas que constituyan una excusa razonable para no haberlo hecho antes. En este caso no solamente no se ha alegado excusa alguna para no haber consignado los hechos expuestos en la moción de reconsideración en la contestación del apelante oponiéndose a la moción de desestimación, sino que tales hechos no están robustecidos por el juramento de la parte apelante en su moción de reconsideración.

En la certificación expedida por el secretario de la corte inferior y presentada por la parte apelada en apoyo de su moción para desestimar. esta apelación se inserta una cartá del secretario de la corte inferior del 12 de marzo último, en la cual le avisa al apelante que no tenía fondos suyos en secretaría para pagar los derechos de radicación del proyecto de exposición del caso y pliego de excepciones, y a pesar de este aviso escrito el apelante no hizo depósito alguno hasta el 17 de abril corriente o sea después que ya se había desestimado esta apelación.

Al oponerse el apelante a la moción de desestimación era el momento oportuno para que él contradijera los hechos relacionados en la certificación del secretario de la corte de distrito, y si realmente dicho funcionario tenía fondos en secretaría el apelante debió justificarlo a satisfacción de este tribunal en aquel momento.

Los hechos alegados en la moción de reconsideración no jurada no son suficientes para contrarrestar los hechos que resultan de la certificación del secretario de la corte sentenciadora y por lo tanto no se ha demostrado que dicho proyecto de exposición del caso debió radicarse por el secretario cuando lo recibió por correo. Los preceptos del artículo 322 del Código de Enjuiciamiento Civil que cita el apelante no son aplicables a documentos o alegaciones de las partes enviadas a la secretaría de un tribunal para su radicación. La radicación de un proyecto de exposición del caso, lo mismo que la de cualquier otra alegación o documento de una parte, surte sus efectos desde el momento en que son recibidos por el secretario por correo o personalmente y quedan radicados por él, pero cuando tales documentos los recibe el secretario por correo, el hecho de que hayan sido depositados en el correo no equivale a su radicación en la corte, ni los efectos de radicación se retrotraen a la fecha en que fueron así depositados. Estee's Pleadings, cuarta edición, tomo 3, sección 5001, página 519.

Por lòs motivos expresados debe desestimarse la moción de reconsideración.

*Denegada la reconsideración.*

Jueces concurrentes en ambas decisiones: Sres. Presidente Hernández y Asociados del Toro y Aldrey.