DÍAZ ET AL., PETICIONARIOS Y APELADOS, *v.* PASTOR, DEMANDADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre administración judicial de una comunidad de bienes.

No. 2407.—Resuelto en febrero 11, 1921.

RECONSIDERACIÓN—RESOLUCIÓN INAPELABLE.—No es apelable la resolución que niega una moción cuyo alcance es el de pedir la reconsideración de una resolución anterior apelable.

FECHA DE RADICACIÓN DE DOCUMENTOS—DOCUMENTOS POR CORREO.—Según decisiones de este tribunal la fecha de radicación de documentos no se cuenta desde que se depositan en el correo sino desde el día en que llegan a manos del secretario del tribunal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Parra Capó.*

Abogado de los apelados: *Sr. T. Bernardini.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El contador partidor que fué nombrado por la Corte de Distrito de Guayama en los procedimientos sobre administración judicial de los bienes de una comunidad presentó un informe enmendado sobre la partición de dichos bienes y se concedió a las partes interesadas el término de ocho días para que lo impugnaran si lo estimaban conveniente, término que a petición de Ramón Pastor Díaz le fué prorrogado hasta el 25 de octubre de 1920 a las 9 de la mañana. Dos días después de esta fecha las otras partes pidieron a la corte que aprobara dicho informe toda vez que Ramón Pastor Díaz no había presentado impugnación alguna dentro del término que le fué concedido y la corte, por no haberse hecho oposición alguna al informe y por estimar que son correctas las operaciones practicadas por el contador partidor, impartió su aprobación al expresado informe con fecha 27 de octubre de 1920. Al día siguiente, (el 28) fué registrado en la secretaría de la corte un escrito de Ramón Pastor Díaz haciendo impugnaciones al informe del contador partidor por la manera como había llevado a cabo las operaciones particionales, escrito que estaba fechado en Ponce el día 25 de octubre, y el día 30 fué registrado otro escrito del propio Ramón Pastor Díaz, fechado en Ponce el día 28, en el que solicitó la reconsideración de la resolución del 27 de octubre aprobatoria del informe del contador partidor alegando para ello que el día 25, dentro del plazo que se le había concedido para hacer objeciones al mencionado informe, certificó en la oficina del correo de Ponce el escrito conteniendo sus impugnaciones, para comprobar cuyo extremo presentó declaración jurada en ese sentido del encargado de los certificados en la oficina del correo de Ponce; que dicho pliego debió ser recibido en Guayama el día 26 por la mañana por lo que la

corte debía hacer una investigación sobre este extremo y que mientras tanto suspendiera los efectos de su auto aprobatorio del informe del contador partidor, llamando la atención de la corte hacia los artículos 322 y 140 del Código de Enjuiciamiento Civil. El día 30 de noviembre pidieron las otras partes a la corte que ordenase se diera cumplimiento a su resolución del 27 de octubre y notificado Ramón Pastor Díaz de esta moción se opuso a ella y la corte por su resolución del día 13 de diciembre negó la reconsideración pedida por Ramón Pastor Díaz y desestimó también las impugnaciones que esta parte había hecho, fundándose en que un documento no se considera archivado sino desde el momento en que se presenta en la oficina del oficial encargado de su registro o archivo y por consiguiente que el escrito de impugnaciones fué archivado después de vencido el término y que si bien es verdad que la corte puede en uso de su poder discrecional librar a una parte de los efectos de una sentencia o resolución cuando existan motivos justificados, examinados los motivos de impugnaciones alegados por Ramón Pastor Díaz al informe del contador partidor no los encuentra justificados y resolvió desestimar la reconsideración pedida, las impugnaciones presentadas, que su resolución del 27 de octubre quede en toda su fuerza y vigor y que se proceda a su cumplimiento. Contra esta resolución interpuso Ramón Pastor Díaz el presente recurso de apelación cuya desestimación nos han pedido las otras partes fundadas en que no es apelable por negar la reconsideración de una resolución anterior contra la cual se pudo interponer el recurso de apelación.

La resolución apelada no tiene otro alcance que negar la reconsideración de la resolución de 27 de octubre pedida por Ramón Pastor Díaz fundándose en que las impugnaciones contra el informe del contador partidor se presentaron fuera de tiempo por haber sido registrada en la secretaría de la corte de distrito el día 28 de octubre toda vez que desde este momento es que debe contarse la presentación y no desde

qüe puso el escrito en el correo de Ponce, doctrina que encuentra apoyo en nuestras decisiones en los casos de *Patxot* v. *Nadal,* 19 D. P. R. 370; *Oronoz v. Montalvo,* y *Delgado* v. *Hutchison,* 20 D. P. R. 333 y 486 y en el de *Alvarez* v. *Sucesores de C. y J. Fantauzzi,* 27 D. P. R. 530; y fundada también en que no encuentra motivos justificados en las impugnaciones para hacer uso de la facultad discrecional que le concede el artículo 140 para librar a Ramón Pastor Díaz de los efectos de la resolución cuya reconsideración pide. Siendo éste el alcance de la resolución apelada el recurso de apelación establecido contra la resolución de 13 de diciembre que niega la reconsideración, es improcedente. *A. Hartmann & Co.* v. *Cividanes,* 28 D. P. R. 32 y *Ex Parte Boerman,* 28 D. P. R. 83.

Por las razones expuestas debe ser declarada con lugar la moción de desestimación de apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.