Sampol, Demandante y Apelante, *v.* Sucesión Emilio Colón Berríos, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2692.—Resuelto en mayo 16, 1922.

Desestimación de Apelación—Término para Apelar—Entrega del Escrito de Apelación al Secretario.—Probado que el sábado 4 de marzo de 1922, día en que vencía el término para apelar, recibió el abogado de la parte a cuyo favor se dictó la sentencia copia del escrito de apelación, y que una persona que firmó como agente del secretario de la corte de distrito recibió un pliego certificado que le entregó la oficina de correos, pliego que contenía el escrito de apelación y el dinero para su radicación, es preciso concluir que la apelación fué radicada en tiempo por lo que no debe ser desestimada.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. H. R. Francis.*
Abogado de la apelada: *Sr. F. González.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El sábado 4 de marzo de este año vencía el término para interponer apelación la parte perjudicada por la sentencia

dictada en este pleito.   En dicho día recibió el abogado de la parte a cuyo favor se dictó la sentencia copia del escrito de la otra parte apelando de ella y también una persona que firmó como agente del secretario de la corte de distrito recibió un pliego certificado que le entregó la oficina de correos, pliego que contenía el escrito de apelación y el dinero para su radicación, según declara bajo juramento el abogado de la parte apelante.   El secretario registró el escrito de apelación el lunes 6 de marzo y ahora nos pide la parte apelada que desestimemos el recurso por haber sido interpuesto fuera de tiempo, a cuya pretensión se opone la apelante alegando que entregó su escrito al secretario antes de vencerse el término que tenía para apelar y que ha pedido en la corte inferior que se corrijan los autos haciendo constar la radicación del escrito de apelación con fecha 4 de marzo.

La única controversia entre las partes ahora es si la apelación ha de considerarse interpuesta el día 6 de marzo en que el secretario registró el escrito de apelación o el 4 de marzo en que el secretario recibió por un agente suyo el pliego certificado conteniendo el escrito de apelación y los derechos para su radicación.

El artículo 296 del Código de Enjuiciamiento Civil dice así:

"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

De acuerdo con ese artículo la apelación se interpone entregando al secretario el escrito de apelación.   La palabra "entregando", o *"by filing"* que emplea el texto inglés, usada por dicho artículo significa el acto de colocar en poder del secretario el escrito de apelación con el dinero correspondiente, cuando esto es necesario y por tanto la omisión del secretario de radicarlo o registrarlo no perjudica los de-

rechos de las partes. *Words and Phrases Judicially Defined,* vol. 3, páginas 2764, 2768 y citas que contiene; *Bouvier's Law Dictionary,* vol. primero, página 782.

Así, pues, como el escrito de apelación fué entregado al secretario el sábado 4 de marzo, antes de vencerse el término para apelar, el recurso en este caso fué interpuesto en tiempo aunque dieho funcionario no radicó el escrito hasta el lunes siguiente y por tanto la moción de desestimación debe ser negada.

*Sin lugar la moción del apelado sobre desestimación del recurso.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.