AMERICAN COLONIAL BANK OF PORTO RICO, DEMANDANTE Y APELADO, *v.* RAMOS ET AL., DEMANDADOS Y APELANTES.

No. 3399.—*Visto:* Noviembre 12, 1924. *Resuelto:* Diciembre 23, 1924.

APELACIÓN—RADICACIÓN DEL ESCRITO FUERA DE TIEMPO.—Para que el escrito de apelación quede radicado con el secretario, (*filed with the clerk*), según expresa el original inglés del artículo 296 del Código de Enjuiciamiento Civil, debe entregársele en su oficina, donde la ley le exige guardar sus libros y archivos y recibir y archivar documentos.

ID.—ID.—ENTREGA DE DOCUMENTOS FUERA DE LA OFICINA.—El entregar un documento al funcionario correspondiente en un lugar distinto de la oficina donde se exige que sea radicado, no es suficiente aun cuando el funcionario lo endose como radicado.

ID.—ID.—ID.—DESESTIMACIÓN DE APELACIÓN.—Cuando un escrito de apelación se entrega en la noche del último día del término al secretario fuera de su oficina, como sucedió en este caso, procede la desestimación del recurso por no haberse interpuesto en tiempo y forma.

ID.—NOTIFICACIÓN POR CORREO DE LA APELACIÓN A LA PARTE CONTRARIA O A SU ABOGADO.—Habiéndose depositado en el correo la notificación del escrito de apelación a la parte contraria o a su abogado el día en que vencía el término para apelar, dicha notificación es válida de acuerdo con el artículo 296 del Código de Enjuiciamiento Civil, aunque el apelado no la recibiera hasta tres días después.

MOCIÓN sobre desestimación de apelación. *Con lugar.*

*C. B. Buitrago,* abogado de los apelantes; *O. B. Frazer* y *R. Castro Fernández,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación del recurso interpuesto, 1, porque el escrito de apelación no se entregó en tiempo y forma al secretario, y 2, porque no se notificó en tiempo a la parte contraria.

Ambas partes están conformes en los hechos relativos al primer motivo. La sentencia apelada se dictó el 10 de junio de 1924 y se notificó el 11 del propio mes. El término para apelar vencía, pues, el 11 de julio. A las diez de la

noche de dicho once de julio, encontrándose el secretario de
la corte que dictó la sentencia en su residencia privada, uno
de los abogados de la parte apelante le entregó el escrito
de apelación.   A la mañana siguiente el secretario llevó el
escrito a la corte.

La parte apelada sostiene que si bien el escrito se en-
tregó al secretario el once de julio, no habiéndose verificado
la entrega en su oficina, no surte efecto legal.   Cita en
apoyo de su contención varios casos resueltos por los tribu-
nales, entre ellos dos por la Corte Suprema de California.

Los hechos en el primero de los casos de California cita-
dos, son similares a los de éste que consideramos.   Se re·
sumen así:

La oficina del Secretario de la Corte del Condado de
Santa Clara se abre a las 9 de la mañana y se cierra a las
5 de la tarde.   Después de las 5 de la tarde el abogado del
apelante fué a la oficina del Secretario de dicha corte para
radicar la fianza en apelación.   Este era el último día que
la ley le concedía a ese efecto.   Encontrando la oficina ce-
rrada fué al Club Social de la ciudad de San José donde en-
contró a uno de los sub-secretarios.   Le explicó las circuns-
tancias, el sub-secretario recibió la fianza, la endosó como
radicada en ese día y en esa fecha.   A las 9:30 de la ma-
ñana siguiente el abogado del apelado visitó la oficina del
Secretario y no encontró constancias de haber sido radicada
la necesaria fianza.   Después el sub-secretario a quien se le
había entregado la fianza llegó a la oficina, entregó la fianza
a otro sub-secretario quien la guardó en el correspondiente
sitio y la radicó.

Y la corte dijo:

"Sin que sea de influencia la variada fraseología de los diferen-
tes estatutos, para la ley un documento cuya radicación ha de sur-
tir los efectos de un aviso, o afectar derechos privados, queda radi-
cado sólo cuando es depositado en manos del funcionario adecuado
en su oficina para dicho fin especial.   No queremos decir con esto
que no haya muchos actos que un funcionario ministerial pueda

hacer fuera de las cuatro paredes de su oficina. Ni tampoco quere-
mos que se nos entienda diciendo, como ya se ha dicho, que cuando
una radicación u oferta de radicación adecuada ha sido hecha por
una parte, ésta sufrirá por la negligencia del funcionario en el
cumplimiento de su deber. Pero una oferta adecuada significa algo
más que una mera presentación al funcionario. Significa una pre-
sentación a él en el lugar adecuado y dentro del término adecuado.
Cuando esto se ha hecho, nada más se requiere de la parte, y ésta
no sufrirá en ninguno de sus derechos por la omisión del funciona-
rio, a su vez, de cumplir con su deber. Como se dijo en el caso de
Tregambo v. Comanche etc. Mining Co., 57 Cal. 501: 'La radica-
ción de un documento consiste en su presentación en la oficina
adecuada, dejándolo allí, depositado con los documentos de dicha
oficina.' '' *Hoyt* v. *Stark,* 134 Cal. 180, (66 Pac. 223, 86 Am. St.
Rep. 246.)

El otro caso es el de *Edwards* v. *Grand,* 121 Cal. 254
(53 Pac. 796). En él la corte reafirmó y aplicó la doctrina
establecida en otros casos, así:

"Un documento es 'radicado para su archivo cuando es deposi-
tado en la oficina adecuada, en manos de la persona a cargo de la
misma, con instrucciones de archivarlo. (Tregambo v. Comanche
etc. Co., 57 Cal. 501). El ponerle un endoso expresando el hecho
y la fecha del depósito no es una parte esencial de la radicación.
(Bishop v. Cook, 13 Barb. 325; Smith v. Biscailuz, 83 Cal. 344).
El entregar un documento al funcionario adecuado en un sitio dis-
tinto al de la oficina donde se requiere que sea radicado no es su-
ficiente, aun cuando el funcionario lo endose como debidamente ra-
dicado. *Schulte* v. *Minneapolis Bank,* 34 Minn. 48. Véase, tam-
bién, Estate of Sbarboro, 63 Cal. 5). La corte, por lo tanto sos-
tuvo correctamente que la hipoteca fué otorgada e inscrita antes
que la declaración de *homestead* fuera radicada para su archivo."

En el volumen 25 de *Corpus Juris* existe abundantísima
jurisprudencia sobre el particular. Creemos conveniente
transcribir del texto la definición que da de *filed* que es la
palabra usada en el original inglés del artículo 296 del Có-
digo de Enjuiciamiento Civil que determina cómo se inter-
pone una apelación. *Entregando* usado en la edición caste-
llana, no corresponde exactamente a *filed*. Dice:

"La palabra 'radicado' tiene una significación bien definida, queriendo decir entregado al funcionario apropiado y por éste recibido para ser archivado; entregado y puesto de hecho bajo la custodia del funcionario designado por la ley, para ser por él conservado como un documento permanente de su oficina; también significa ensartado en hilo, cordón o alambre; y algunas veces significa hecho, como en el caso de una declaración jurada. La palabra lleva consigo la idea de una conservación permanente de la cosa así entregada y recibida, para que constituya parte de la documentación pública, e incluye la idea de que el documento ha de quedar en su orden correspondiente en el archivo de la oficina." 25 C. J. 1124–25.

Interpretando la frase "filed with the clerk,"—el artículo 296 mencionado usa "filing with the secretary,"—en una nota que aparece en la página 1126 del indicado tomo 25 de *Corpus Juris,* se consigna:

"Para que quede *'radicado' en poder del secretario,* un documento debe ser entregádole en su oficina, donde la ley le exige guardar sus libros y archivos y recibir y archivar documentos. *Matter of Norton,* 25 Misc. 48, 49; 53 N.Y.S. 924."

En la obra "California Jurisprudence" la esencia de las decisiones de la Corte Suprema de dicho estado, algunas de las cuales dejamos citadas, se condensa así:

"Las reglas con respecto a la radicación de documentos generalmente son aplicables para determinar cuándo ha sido radicado un escrito de apelación. Un documento queda radicado cuando es entregado en el lugar en donde ha de ser radicado, al funcionario correspondiente, y recibido por éste para ser archivado. Si la radicación puede establecerse con prueba oral, la prueba debe demostrar la entrega real del documento al secretario o a uno de los subsecretarios, una entrega con el fin de su radicación, y una entrega en el lugar en que ha de ser radicado el documento. El entregar un documento al funcionario correspondiente en un lugar distinto de la oficina donde se exige que sea radicado no es suficiente aun cuando el funcionario lo endose como radicado. El mero hecho de dejar o depositar el escrito de apelación en la oficina del secretario después de las horas de oficina cuando no hay nadie en ella no constituye una radicación legal en ese día. El secretario está justificado

en negarse a radicar un escrito de apelación hasta que se le paguen sus derechos, y un escrito enviádole por expreso no se considera radicado en la fecha de su recibo cuando el secretario inmediatamente informa al abogado del apelante que no será radicado hasta no haberse pagado los derechos de su radicación.'' 2 Cal. Jur. 326, 327.

Interpretando, pues, la ley vigente en Puerto Rico a la luz de la jurisprudencia establecida, es necesario concluir que tiene razón el apelado. No sólo no se entregó al secretario en su oficina el escrito interponiendo el recurso, sino que se esperó hasta las diez de la noche. Bajo las circunstancias de este caso, la entrega sólo surtió sus efectos cuando al día siguiente el Secretario radicó el escrito en su oficina o sea el 12 de julio y ya entonces había vencido el término que fija la ley para apelar.

Cita el apelante el caso de *Sampol* v. *Sucesión de Emilio Colón,* 30 D.P.R. 500. De los hechos que sirven de base a la decisión de la corte, no consta dónde se recibió el escrito interponiendo el recurso por la persona a quien en representación del secretario se entregó el pliego certificado que lo contenía. Debemos presumir que lo fué en la propia oficina del secretario.

Debiendo desestimarse el recurso por el primero de los fundamentos de la moción, se hace innecesario resolver el segundo. Sin embargo, como envuelve una cuestión de práctica constante, diremos que tiene razón el apelado al sostener que la notificación a la parte contraria o a su abogado debe hacerse dentro del término fijado por el estatuto,—artículo 296 del Código de Enjuiciamiento Civil y jurisprudencia sentada en *Davez* v. *Schuerman,* 93 Pac. 297, 7 Cal. App. 1 —, pero diremos también que si se acepta el hecho que se ha intentado probar por el apelante por medio de un *affidavit,* a saber, que la notificación se depositó en el correo el once de julio, la ley quedó cumplida entendiéndose hecha la notificación en tal día aunque el apelado la recibiera tres días después.

·· Los casos que cita el apelado, a saber: *Díaz* v. *Pastor,* 29 D.P.R. 95; *Patxot* v. *Nadal,* 19 D.P.R. 370; *Oronoz* v. *Montalvo,* 20 D.P.R. 333; *Delgado* v. *Hutchison,* 20 D.P.R. 486, y *Alvarez* v. *Sucesores de Fantauzzi,* 27 D.P.R. 530, no son aplicables como su mismo texto lo indica. Aquí se trata de una notificación "a la parte contraria o a su abogado" que se rige por el artículo 322 del Código de Enjuiciamiento Civil que dice:

"Art. 322.—En los casos de remisión por correo, la notificación o documentos deberán depositarse en la administración de correos, dirigidos a la persona a quien hubiere de intimarse, o hacerse la entrega, a su oficina o residencia pagándose el franqueo. La notificación o la entrega de documentos queda cumplida al tiempo de hacerse el depósito en el correo, pero si dentro de determinado número de días después de hecho aquél, la parte contraria tuviere que ejercer un derecho o ejecutar un acto, el término dentro del cual hubiere de ejercerse el uno o ejecutarse el otro, se entenderá ampliado un día por cada veinte y cinco millas que mediaren entre el lugar del depósito y el de la dirección; pero esta ampliación no deberá exceder de un término máximo de treinta días."

A virtud de todo lo expuesto, por el primero de sus fun· damentos, *debe declararse con lugar la moción del apelado y en su consecuencia desestimarse el recurso.*