RAFAEL CARRIÓN PACHECO, demandante y apelante, *v.* CHARLES E. LAWTON, GEORGE H. JOY, ARTURO L. CARRIÓN y VICENTE RODRÍGUEZ RIVERA, demandados y apelados.

No. 5930.—*Sometido:* Enero 25, 1932. *Resuelto:* Enero 28, 1932.

*J. Henri Brown, C. Ruiz Nazario y G. González,* abogados del apelante; *F. Soto Gras y R. Díaz Collazo,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El demandado y apelado Charles E. Lawton, por medio de sus abogados, solicita la desestimación de este recurso porque el escrito de apelación no fué notificado a todos los demandados como requiere la ley.

Los demandados son Charles E. Lawton, George H. Joy, Arturo L. Carrión y Vicente Rodríguez Rivera. La sentencia apelada se dictó el 20 de octubre de 1931 y fué notificada a la parte perdidosa el 26. La notificación de apelación al secretario se archivó en su oficina el 25 de noviembre siguiente con la constancia de la notificación al demandado Lawton en la persona de uno de sus abogados de récord. Con respecto a la notificación de los demandados Joy, Carrión y Rodríguez se consignó:

"Cándido Morales, después de prestar juramento en debida forma, depone y dice: que se llama como antes se expresa y es mayor de 21 años de edad, soltero, vecino de San Juan, y que no es parte ni tiene interés alguno en este asunto; que en el día de hoy 25 de noviembre de 1931 recibió del Lcdo. Clemente Ruiz Nazario, tres copias exactas y literales del escrito de apelación que precede y que en igual fecha las depositó en las oficinas de correo de esta ciudad de San Juan, bajo sobres certificados, y pagando el correspondiente franqueo; una de dichas copias dirigida al demandado George H. Joy, al cuidado de Raleigh Gas Co., Raleigh, North Carolina, que es la dirección actual de dicho demandado; otra de dichas copias

dirigida al demandado Arturo L. Carrión, 417 West 120th St., New York, N. Y. que es la actual dirección de dicho demandado, y la otra de dichas copias dirigida al demandado Vicente Rodríguez Rivera, Cayey, P. R. que es la dirección de dicho demandado.—Juro además que entre esta ciudad de San Juan y las ciudades de Raleigh, North Carolina, New York, N. Y. y Cayey, P. R., existe un servicio regular de comunicaciones por correo.—San Juan, P. R. Nov. 25 de 1931.—(fdo.) Cándido Morales, Deponente.—Jurado y suscrito ante mí hoy día 25 de noviembre de 1931, en San Juan, Puerto Rico. (fdo.) P. N. Colberg.—Secretario Corte Distrito de San Juan, P. R.''

Sostiene el apelado Lawton que ello no es suficiente para demostrar que la ley fué cumplida, 1°., porque aparece que se notificó por correo a los demandados Joy, Carrión y Rodríguez el día en que vencía el término y no personalmente, debiendo ser recibida la notificación después de vencido dicho término, y 2°., porque no aparece que la notificación se dirigiera al lugar de la residencia de los demandados, ni que la persona que hizo la citación y los citados residan en puntos distintos entre los cuales existe un servicio regular de comunicación por correo.

La parte apelante ha presentado una oposición por escrito acompañada de una declaración jurada de Cándido Morales, la persona que depositó las notificaciones en el correo, que es amplia y minuciosa hasta el límite y a la que se acompañan los recibos de materia certificada que le entregara el Administrador de Correos de San Juan y las tarjetas creditivas del recibo de los sobres conteniendo la notificación por los demandados Carrión y Rodríguez, expresándose en cuanto al demandado Joy que el sobre certificado que se le remitiera a su residencia y dirección postal no ha sido devuelto y que según información y creencia del deponente ha sido recibido por el Sr. Joy.

Como el propósito de la ley es que la parte apelada se entere en tiempo de la existencia de la apelación a fin de que pueda defender sus derechos, en el caso de que la cuestión se levante y se advierta alguna deficiencia en la cons-

tancia que del hecho de la notificación se llevara al récord, no hay duda alguna que esta Corte Suprema dará oportunidad a la parte interesada si así lo solicita ′ de suplir la deficiencia y demostrar que la notificación se hizo en efecto dentro de término y de acuerdo con la ley. Si lo demuestra, no procederá la desestimación del recurso basada en la deficiencia de la constancia del récord.

Aclarado este punto, procederemos al estudio de las cuestiones suscitadas en su moción por la parte apelada.

■ No tiene razón en la primera. Para sostener esta conclusión bastará citar lo que sigue de la decisión en el caso de *Am. Colonial Bank* v. *Ramos,* 33 D.P.R. 890, 894. Es así:

"Debiendo desestimarse el recurso por el primero de los fundamentos de la moción, se hace innecesario resolver el segundo. Sin embargo, como envuelve una cuestión de práctica constante, diremos que tiene razón el apelado al sostener que la notificación a la parte contraria o a su abogado debe hacerse dentro del término fijado por el estatuto—artículo 296 del Código de Enjuiciamiento Civil y jurisprudencia sentada en Davez v. Schuerman, 93 Pac. 297, 7 Cal. App. 1 ←pero diremos también que si se acepta el hecho que se ha intentado probar por el apelante por medio de un *affidavit*, a saber, que la notificación se depositó en el correo el once de julio, la ley quedó cumplida entendiéndose hecha la notificación en tal día aunque el apelado la recibiera tres días después.

"Los casos que cita el apelado, a saber: Díaz v. Pastor, 29 D.P.R. 95; Patxot v. Nadal, 19 D.P.R. 370; Oronoz v. Montalvo, 20 D.P.R. 333; Delgado v. Hutchison, 20 D.P.R. 486, y Alvarez v. Sucesores de Fantauzzi, 27 D.P.R. 530, no son aplicables como su mismo texto lo indica. Aquí se trata de una notificación 'a la parte contraria o a su abogado' que se rige por el artículo 322 del Código de Enjuiciamiento Civil que dice:

" 'Art. 322.—En los casos de remisión por correo, la notificación o documentos deberán depositarse en la administración de correos, dirigidos a la persona a quien hubiere de intimarse, o hacerse la entrega, a su oficina o residencia pagándose el franqueo. La notificación o la entrega de documentos queda cumplida al tiempo de hacerse el depósito en el correo, pero si dentro de determinado número de días después de hecho aquél, la parte contraria tuviere que

ejercer un derecho o ejecutar un acto, el término dentro del cual hubiere de ejercerse el uno o ejecutarse el otro, se entenderá ampliado un día por cada veinte y cinco millas que mediaren entre el lugar del depósito y el de la dirección; pero esta ampliación no deberá exceder de un término máximo de treinta días.' "

■ Tampoco en la segunda. De lo hecho constar por Morales bajo juramento al entregar la notificación de apelación al Secretario y mucho más detalladamente de su otra declaración jurada acompañada al escrito de oposición, aparece que los demandados Joy, Carrión y Rodríguez no residían en el distrito judicial de San Juan, cuando hubo de notificárseles la apelación, que entre 'el sitio de sus actuales residencias y San Juan existía un servicio regular de comunicación por correo y que de acuerdo con los artículos 320, 321 y 322 del Código de Enjuiciamiento Civil usando el correo se les dirigieron sobres certificados al sitio de sus residencias y direcciones postales, todo en la forma que dichos artículos prescriben.

La ley no requiere imposibles. El correo es una institución oficial que funciona regularmente y que es parte esencialísima del mecanismo de nuestra vida civilizada. El apelante estaba autorizado para valerse de él y así lo hizo en la forma fijada por el estatuto. Mientras la presunción que ahora existe no sea destruída legalmente, debe entenderse que los demandados Joy, Carrión y Rodríguez fueron notificados en término del escrito de apelación, y en tal virtud *debe declararse sin lugar la moción de desestimación.*