RAFAEL CARRIÓN PACHECO, demandante y apelante, *v.* CHARLES E. LAWTON, GEORGE H. JOY, ARTURO L. CARRIÓN y VICENTE RODRÍGUEZ RIVERA, demandados y apelados.

No. 5930.—*Sometido:* Febrero 24, 1932. *Resuelto:* Abril 8, 1932.

*J. Henri Brown, C. Ruiz Nazario y G. González,* abogados del apelante; *F. Soto Gras* y *R. Díaz Collazo,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicitó la reconsideración de la resolución de esta corte de enero 28 último por virtud de la cual se negó la desestimación del recurso, acompañando un memorándum de razonamientos y autoridades. Sostiene que esta corte dejó de considerar en su opinión algunas de las cuestiones fundamentales que levantara e insiste en que tiene razón en ellas.

Se señaló el 24 de febrero para oír a las partes sobre la moción. Ambas comparecieron por sus abogados y argumentaron su caso, archivando la apelante además un memorándum escrito que abarca todos los puntos tratados en su informe oral.

Con respecto a la deficiencia que advierte la apelada en la opinión de esta corte, nos referiremos al caso de *Martorell* v. *Crédito y Ahorro Ponceño,* 43 D.P.R. 90, en que se dijo:

"El que cuestiones discutidas en un alegato no lo sean en la opinión del Tribunal, no implica necesariamente que éste dejara de tratarlas; la presunción es que lo fueron."

Hemos vuelto a estudiar cuidadosamente los autos y quizá lo mejor que podríamos hacer sería declarar simplemente no haber lugar a la reconsideración. Sin embargo, ampliaremos en algo la opinión de enero 28, 1932, 43 D.P.R. 53.

No sólo quedaron corregidas ampliamente las deficiencias que pudieran encontrarse en el juramento de la notificación de la apelación por correo, a virtud de la declaración jurada de Cándido Morales, si que también por la propia oposición del apelante a la moción de reconsideración, que fué jurada por uno de sus abogados, el Lic. Clemente Ruiz Nazario, de tal suerte que a la fecha de la vista de la moción pudo afirmarse que la notificación por correo del escrito de apelación se hizo cumpliéndose con todos los requisitos exigidos por la ley.

No hay duda alguna de que la mejor práctica hubiera sido la de archivar en la corte sentenciadora la prueba demostrativa de que se dió cumplimiento estricto a todo lo exigido por la ley para poder hacer la notificación por correo, inmediatamente después de advertidos los defectos, y presentar en esta corte, previo permiso, copia certificada de la misma, tal como se expresa en forma convincente por la Corte Suprema de California en *Moore* v. *Besse,* 35 Cal. 183; pero el principio de que la corrección es factible queda en pie, y en cuanto a poderse hacer ante esta propia Corte Suprema cuando la cuestión se suscita ante ella, existe en esta jurisdicción el precedente sentado por los casos de *Tettamauzi et al.* v. *Zeno,* 24 D.P.R. 53–61 y *A. Alvarez y Hermanos* v. *Alamo,* 36 D.P.R. 54–56. El permiso de esta corte quedó implícitamente concedido al considerar y tomar por base de su resolución la oposición jurada y los documentos acompañados a la misma.

Al citar con aprobación en la opinión de enero 28, 1932, *supra,* lo dicho, sin que fuera necesario, por la propia corte en el caso de *American Colonial Bank* v. *Ramos,* 33 D.P.R. 890–894 por considerarlo de interés para la práctica, quedó aceptado y convertido en regla en este caso en que la cuestión fué suscitada. La regla no implica la extensión de un término jurisdiccional. La notificación de apelación tiene que archivarse—y aquí se archivó—con el secretario de la corte sentenciadora dentro del término de ley. Se

trata de la igual notificación que debe hacerse a la parte contraria. La regla procede de la misma ley y es tan equitativa que concede a la dicha parte contraria el tiempo necesario para compensar la dilación con que la notificación llegue a sus manos.

Además, las circunstancias que en el caso concurren militan fuertemente en pro del ejercicio de toda la discreción de que pueda la corte estar investida, en pro de la no desestimación. Las partes verdaderamente interesadas en la contienda están ante la corte. El debate es claramente entre Carrión demandante y apelante y Lawton demandado y apelado, y sobre la notificación de la apelación a Lawton no se levanta cuestión alguna. La parte apelante sostiene que no siendo partes contrarias Joy, Arturo L. Carrión y Rodríguez Rivera, ni siquiera estaba obligada a notificarlas, y quizá tenga razón. Decimos solamente quizá, porque una conclusión definitiva nos obligaría a estudiar el caso en su fondo y no lo consideramos necesario por ahora.

*Debe declararse no haber lugar a la reconsideración solicitada.*

El Juez Asociado Señor Wolf no intervino.