El Próspero Fruit Co., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, etc., demandado.

Núm. 35.—*Sometido:* Febrero 19, 1945. *Resuelto:* Marzo 14, 1945.

*Córdova & González,* abogados de la peticionaria; *Hon. Procurador General Interino Jesús A. González* y *A. D. Marchand Paz, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La peticionaria, corporación organizada bajo las leyes del Estado de Nueva York y autorizada para emprender negocios en esta Isla, rindió oportunamente su planilla declarando sus ingresos por el período de enero 1 a diciembre 31 de 1936. En noviembre 28, 1941 el Tesorero de Puerto Rico depositó en el correo, en sobre certificado dirigido a El Próspero Fruit Company, Bayamón, P. R., una notificación de deficiencias por contribuciones sobre ingresos ascendentes a $647.50. La notificación fué recibida por la peticionaria

en Bayamón el día 29 de diciembre de 1941, siendo ése el primer aviso que tuvo la peticionaria de que se le hubiese impuesto tal deficiencia.

En diciembre 31 de 1941 la peticionaria solicitó del Tesorero de Puerto Rico que dejase sin efecto la notificación de deficiencia, y dicha solicitud fué denegada en enero 5 de 1942. En enero 14 de 1942 la peticionaria radicó un escrito de apelación ante el Tribunal de Apelación de Contribuciones, solicitando se anulase la notificación de deficiencia hecha por el Tesorero. En junio 30, 1944, el Tribunal de Contribuciones de Puerto Rico dictó su decisión declarando sin lugar la apelación y ordenando al Tesorero que procediese a cobrar la contribución en controversia y a enviar a la secretaría del tribunal el cómputo correspondiente. La decisión tuvo carácter de final el 24 de noviembre de 1944 y el 7 de diciembre del mismo año la peticionaria efectuó el pago bajo protesta. En 20 de diciembre de 1944 la peticionaria acudió ante este tribunal en solicitud de un auto de *certiorari* para la revisión de la decisión del Tribunal de Contribuciones.

La decisión del tribunal recurrido se basó en que el mismo carecía de jurisdicción para conocer de la apelación por haber sido ésta interpuesta después de haber transcurrido más de treinta días desde noviembre 28 de 1941, fecha en que la notificación de deficiencia fué depositada en el correo.

En apoyo de su recurso la peticionaria alega:

(1) Que el tribunal recurrido erró al sostener que la apelación para ante el Tribunal de Apelación de Contribuciones debió ser radicada "dentro de los treinta días después de la fecha en que dicha notificación haya sido depositada en el correo", de conformidad con lo prescrito por la sección 57(a) de la Ley de Contribuciones sobre Ingresos de 1924, según fué enmendada por la Ley número 159 de mayo 13 de 1941 ((1) pág. 973); y al no computar el término para la apelación de acuerdo con la misma sección 57(a), como quedó enmendada por la Ley número 23 de 21 de noviembre de

1941 ((2) pág. 73), según la cual la apelación podrá ser radicada "dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución."

(2) Que habiéndose admitido por estipulación de las partes que la notificación de la deficiencia fué recibida por la peticionaria el 29 de diciembre de 1941, cuando ya habían transcurrido los treinta días después de la fecha en que la notificación fué depositada en el correo, la computación del término para la apelación de conformidad con la ley anterior a la enmienda de 21 de noviembre de 1941, privaría a la peticionaria de su propiedad sin el debido procedimiento de ley y le negaría la igual protección de las leyes, en contravención de los preceptos de la Ley Orgánica de esta Isla.

(3) Que en aquellos casos en que se demuestre que la notificación no fué recibida dentro de los treinta días siguientes a la fecha de su depósito en el correo, el contribuyente debe gozar de un período de tiempo razonable o de treinta días a partir del recibo de la notificación para radicar su escrito de apelación.

¿Cuál era la ley vigente y a la cual debía ajustarse el Tesorero de Puerto Rico, en noviembre 28 de 1941, para notificar la deficiencia a la peticionaria? Esa es la única cuestión a resolver.

La sección 57(a) de la Ley de Contribuciones sobre Ingresos de 1924, enmendada por la Ley núm. 102 de mayo 14 de 1936 ((1) pág. 525) y posteriormente por la núm. 159 de 13 de mayo de 1941, disponía que cuando el Tesorero determinare que hay una deficiencia con respecto a la contribución, "el contribuyente . . . ., será notificado de dicha deficiencia por correo certificado; . . . .". Se disponía, además, que "Dentro de los treinta (30) días después de la fecha en que dicha notificación haya sido depositada en el correo, el contribuyente podrá radicar una apelación ante la Junta de Revisión e Igualamiento". Esa era la ley que estuvo en vigor hasta que empezó a regir la Ley núm. 23, aprobada

en 21 de noviembre de 1941, por la cual se enmendó nuevamente la sección 57(a) para leer como sigue:

"Sección 57.—(a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (c) será notificado de dicha deficiencia por correo certificado, pero dicha deficiencia será tasada en la forma que se establece en la subdivisión (b). Dentro de los quince (15) días inmediatamente siguientes a la fecha de la notificación, el contribuyente podrá solicitar del Tesorero la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa, y el Tesorero podrá concederle una vista administrativa antes de resolver el asunto o podrá denegar la reconsideración solicitada sin la celebración de vista alguna cuando a su juicio dicha solicitud fuere claramente infundada. Si el contribuyente no estuviere conforme con la resolución del Tesorero respecto a cualquier deficiencia, podrá, dentro de los treinta (30) días inmediatamente siguientes a la fecha en que se le notifique la resolución, radicar una querella contra el Tesorero ante el Tribunal de Apelación de Contribuciones de Puerto Rico, en la forma dispuesta por la ley creando dicho tribunal; *Disponiéndose*, que (1) la resolución del Tesorero sobre la determinación de cualquier deficiencia y (2) la prestación de fianza por el contribuyente, sujeta ésta a la aprobación del Tesorero, por una suma no menor de tres cuartas ¾ partes del montante de la contribución apelada, serán ambos y cada uno requisitos previos indispensables para acudir al referido Tribunal, sin los cuales éste no adquirirá jurisdicción."

La Ley núm. 23 fué aprobada, según hemos visto, el 21 de noviembre de 1941, o sea, como sugiere la peticionaria, siete días antes de la fecha en que el Tesorero depositó en el correo la notificación de deficiencia. Empero, dicha ley no empezó a regir hasta noventa días después de su aprobación, o sea hasta el día 19 de febrero de 1942, cuando ya había sido enviada y recibida la notificación de deficiencia y cuando ya la peticionaria había radicado su escrito de apelación ante el Tribunal de Apelación de Contribuciones.

La sección 11 de la referida Ley núm. 23, dispone:

"Por la presente se declara que existe una necesidad y emergencia para la retroactividad de la presente Ley, y empezará a regir a los noventa días después de su aprobación la que tendrá efecto a contar del día 1 de enero de 1941."

Arguye la peticionaria que la Ley núm. 23 de 1941 es un estatuto reparador, "remedial statute", que concede remedios a los contribuyentes y como tal debe tener efecto retroactivo en cuanto a procedimientos o derechos pendientes de adjudicación, a menos que al aprobarse la ley el legislador haga constar claramente que el estatuto tendrá efecto prospectivo únicamente; que dicha ley dispone expresamente que tendrá efecto retroactivo al primero de enero de 1941; y que la apelación en este caso fué radicada dentro del término fijado por la sección 57(a) de la Ley de Contribuciones Sobre Ingresos, según quedó enmendada por dicha Ley núm. 23 de 1941.

El párrafo (a) de la sección 57, tanto en la ley de 15 de mayo de 1941 como en la ley de 21 de noviembre del mismo año, dispone taxativamente que cuando el Tesorero determine que existe una deficiencia, el contribuyente "será notificado de dicha deficiencia por correo certificado". Las diferencias entre una y otra ley son en cuanto a los pasos que deberá dar el contribuyente que no estuviere conforme con la imposición de la deficiencia para poder apelar al Tribunal de Contribuciones. La primera ley fija un término de treinta días, "después de la fecha en que dicha notificación haya sido depositada en el correo", dentro del cual el contribuyente podrá radicar una apelación. De conformidad con esta disposición, la notificación se considera como hecha desde el momento en que el sobre certificado queda depositado en el correo, empezando a correr desde ese mismo momento el término de treinta días para interponer la apelación. La segunda ley (núm. 23 de 1941) provee:

(1) Dentro de los quince días inmediatamente siguientes

a la fecha de la notificación de la deficiencia, el contribuyente podrá solicitar del Tesorero la reconsideración de la determinación de deficiencia.

(2) Si el contribuyente no estuviere conforme con la resolución del Tesorero en cuanto a la solicitud de reconsideración, podrá, dentro de los treinta días inmediatamente siguientes a la fecha en que se le notifique la resolución, apelar para ante el Tribunal de Contribuciones de Puerto Rico.

(3) La resolución del Tesorero sobre la determinación de la deficiencia es requisito previo e indispensable para que el Tribunal de Contribuciones pueda adquirir jurisdicción.

Estando autorizado el Tesorero para notificar al contribuyente la existencia de una deficiencia "por correo certificado", como lo hizo en el presente caso, debemos considerar y resolver ahora cuál de las dos fechas—la del depósito en el correo o la del recibo de la notificación—debe ser considerada como "la fecha de la notificación", a los efectos de la computación de los términos para solicitar la reconsideración y para apelar al Tribunal de Contribuciones.

El artículo 322 de nuestro Código de Enjuiciamiento Civil, equivalente al 1013 de California, dispone que en los casos de remisión por correo, la notificación deberá depositarse en la administración de correos, dirigida a la persona a quien hubiere de intimarse o hacerse la entrega, a su oficina o residencia pagándose el franqueo; y que "la notificación o entrega de documentos queda cumplida al tiempo de hacerse el depósito en el correo". La Regla 5(*b*) de las de Procedimiento Civil provee que "la notificación por correo quedará perfeccionada al ser depositada en el correo". Véanse: *American Colonial Bank* v. *Ramos,* 33 D.P.R. 890, 894; *Carrión* v. *Lawton,* 43 D.P.R. 53, 56; y *Heinlen* v. *Heilbron,* 94 Cal. 636, en el que se resolvió:

"La notificación por correo provista por el artículo 1012 no tiene por miras la entrega como parte de la notificación, conforme se ve

por las disposiciones del artículo 1013 al efecto de que 'la notificación queda consumada al tiempo de depositarse' en la oficina postal. Tal notificación es conocida con el nombre de notificación sustituta y el objeto es que ella sustituya y equivalga como cuestión de dere- cho y en sus efectos a una notificación personal.''

De conformidad con las autoridades anteriormente cita- das debemos resolver que la notificación de la deficiencia en el presente caso quedó consumada el día 28 de noviembre de 1941, fecha en que el Tesorero la depositó en el correo en sobre certificado dirigido a El Próspero Fruit Co., a su oficina en el pueblo de Bayamón. Es a partir de esa fecha que debe computarse el término de treinta días que para apelar fija la sección 57(a) de la Ley núm. 159 de 13 de mayo de 1941 y también el de quince días que fija la misma sección enmendada por la Ley núm. 23 de noviembre 21 de 1941 para solicitar la reconsideración de la determinación de deficiencia.

Aplicando a los hechos del caso la sección 57(a) enmendada por la Ley núm. 159 de mayo 13 de 1941 y ha- biéndose consumado la notificación de la deficiencia el día 28 de noviembre de 1941, es forzoso concluir que el Tribunal de Contribuciones no erró al decidir, como decidió, que care- cía de jurisdicción para conocer de la apelación por haber sido ésta interpuesta cuarenta y siete días después de haberse depositado la notificación en el correo.

Si asumiéramos, sin resolverlo, bajo las circunstan- cias de este caso, que la ley aplicable es la núm. 23 de 1941, también nos veríamos obligados a sostener la decisión recurrida, pues habiéndose consumado la notificación el 28 de noviembre de 1941, el término de quince días fijado por el estatuto para solicitar la reconsideración de la determinación de la deficiencia expiró sin que la contribuyente solicitara tal reconsideración, lo cual es requisito previo e indispensable para que el Tribunal de Contribuciones adquiera jurisdic- ción. En la solicitud radicada ante esta Corte se alega que en 31 de diciembre de 1941 la peticionaria solicitó del Teso-

rero *que dejase sin efecto la notificación* de noviembre 28 de 1941. Empero, aún aceptando que dicha solicitud fuera radicada, cosa que no aparece del récord ante nos, y que en ella se solicitara del Tesorero "la reconsideración de dicha determinación de deficiencia, expresando en su solicitud los fundamentos en que ésta se basa", ello no favorecería en nada a la peticionaria por haber sido radicada dicha solicitud después de haber expirado el término fijado por la sección 57(*a*) enmendada por la Ley núm. 23 de 1941. Sin el cumplimiento de ese requisito el Tribunal de Contribuciones no podía adquirir jurisdicción. Y la misma sección 57 en su apartado (*b*) dispone que cuando el contribuyente no radicare solicitud de reconsideración, el Tesorero procederá a imponer y cobrar la deficiencia por él determinada.

Opinamos que la cláusula de retroactividad de la sección 11 de la Ley núm. 23 de 21 de noviembre de 1941 no tiene, ni fué el propósito de la Legislatura darle el alcance que pretende darle la parte recurrente. En el caso de certiorari Núm. 10, *Central Aguirre Sugar Co.* v. *Tribunal de Contribuciones de Puerto Rico,* ante, pág. 268, este tribunal tuvo ante sí esta misma cuestión levantada por el Tesorero en cuanto al efecto y alcance de las disposiciones relativas a la retroactividad, contenidas en la sección 29 de la Ley núm. 31 de abril 12 de 1941, la cual está redactada en términos idénticos a los de la sección que estamos ahora considerando. Sostenía el Tesorero que, de acuerdo con los términos de dicha Ley núm. 31 y de la Ley núm. 159 de mayo 13 de 1941, las cuales fueron aprobadas para tener efecto retroactivo al día 1º. de enero de 1940, la Central Aguirre Sugar Co. estaba obligada a retener y pagar al Tesoro Insular la contribución impuesta por la nueva ley sobre los dividendos pagados por dicha corporación a sus accionistas no residentes en la isla, en julio 15 de 1940, cuando los dividendos así pagados no estaban sujetos a contribución

alguna bajo las leyes entonces vigentes. Al resolver la cuestión en contra de la contención del Tesorero, dijimos:

"La única cuestión que nos toca considerar y resolver es si la Legislatura tuvo la intención de dar a las disposiciones de la sección 22(a) de la Ley número 31 de abril 12 de 1941 efecto legal retroactivo hasta el punto de hacer responsable a la Central Aguirre Sugar Company por el incumplimiento en julio 15 de 1940 de una obligación—la de deducir y retener el importe de la contribución sobre los dividendos—que no surgió a la vida del derecho hasta el 12 de abril de 1941.

"          \*      \*      \*      \*      \*      \*      \*

"Son hechos admitidos, que en julio 15 de 1940, cuando la corporación peticionaria pagó a sus accionistas los dividendos que les correspondían, no existía ley alguna que autorizara al Tesorero de Puerto Rico para imponer una contribución sobre tales dividendos, los cuales estaban expresamente exentos de la contribución de ingreso por las disposiciones ya citadas de la sección 22(a) y 32(a)(6) de la Ley de Contribuciones sobre Ingresos de 1924; y que en julio 15 de 1940, la ley entonces vigente no obligaba a la corporación pagadora de los dividendos a actuar como agente del Tesoro de Puerto Rico para la deducción y retención de la contribución.

"No podemos convenir con el Tesorero en que la Legislatura tuviera la intención de hacer aplicable la disposición retroactiva de la sección 29 de la Ley número 31 de abril 12 de 1941, no solamente a la imposición de la contribución si que también a las disposiciones puramente administrativas de la sección 22, subdivisión (a) de la misma ley, referentes a la retención de la contribución en el momento de efectuar el pago de los dividendos. Sería absurdo suponer que la legislatura tuvo la intención de imponer a la corporación peticionaria la obligación de retener lo que ya había pagado a sus accionistas al amparo de la legislación anterior. Es nuestro deber interpretar los estatutos razonablemente y evitar hasta donde fuere posible que surjan serias cuestiones constitucionales. La interpretación del statuto de acuerdo con la contención del Tesorero levantaría una cuestión constitucional muy seria. Véase: *Luce & Co.* v. *Junta de Salario Mínimo*, 62 D.P.R. 452."

Y después de citar autoridades federales sobre la materia, añadimos:

"De acuerdo con las autoridades federales citadas, nos vemos obligados a concluir que las disposiciones del estatuto referentes a la retención del importe de la contribución en el momento de hacerse el pago de dividendos son de carácter administrativo y como tales no tuvieron el efecto retroactivo que la misma ley da a las secciones por virtud de las cuales se impone la contribución. Recientemente, en *Ana María Sugar Co.* v. *Buscaglia,* resuelto en 5 de diciembre de 1944, interpretando la sección referente a la retroactividad de la misma ley, sostuvimos que ella no es aplicable a la otra sección por virtud de la cual el término de la prescripción se aumenta de cinco a siete años."

Las disposiciones de la sección 57(*a*) de la Ley de Contribuciones sobre Ingresos son de naturaleza administrativa o procesal, siendo su único objeto el de fijar el procedimiento que deberá seguir el Tesorero para notificar las deficiencias y el contribuyente para acudir en apelación ante el Tribunal de Contribuciones. No creemos que el legislador tuviera el propósito de dar efecto retroactivo a las disposiciones administrativas de la Ley núm. 23 y mucho menos el de revivir el término para apelar fijado por la ley anterior. Ese término había ya expirado cuando empezó a regir la nueva ley. Si sostuviéramos que la sección 57(*a*), en la forma en que quedó enmendada por la Ley núm. 23 de 21 de noviembre de 1941 tiene efecto retroactivo y que el Tribunal de Contribuciones erró al declarar que no tenía jurisdicción para conocer del presente recurso, por las mismas razones tendríamos que sostener que dicho tribunal carece de jurisdicción para conocer de aquellas apelaciones interpuestas en cumplimiento estricto de lo dispuesto por la sección 57(*a*) de la Ley núm. 159 de 13 de mayo de 1941, por no haberse cumplido a tiempo con el requisito previo e indispensable de la solicitud de reconsideración provisto por la última enmienda.

*La decisión recurrida debe ser confirmada.*