[Civ. No. 333. Third Appellate District.—November 16, 1907.]

SAMSON DAVEY, Respondent, v. JOHN MULROY, Special Administrator, etc. (Substitute for V. J. SCHUERMAN, Deceased), Appellant.

APPEAL—SUIT IN EQUITY—TRANSFER TO SUPREME COURT—RETRANSFER—JURISDICTION OF MOTION TO DISMISS.—Where an appeal in a suit in equity was taken directly to the supreme court, but by mistake, it being improperly entitled, found its way to the calendar of this court, this court properly transferred the case to the supreme court, without considering a motion to dismiss, which originally could only be heard in the supreme court; but when the cause was properly retransferred to this court for hearing and decision, this court has jurisdiction by such retransfer to hear and determine a motion to dismiss the appeal.

ID.—AUTHORITY OF SPECIAL ADMINISTRATOR TO APPEAL.—A special administrator, whose order of appointment conferred upon him authority to preserve and protect the estate of a deceased defendant who died after judgment, and who was properly substituted for such defendant in the court below, had authority to appeal to the supreme court in an equity case, and the appeal cannot be dismissed for his want of capacity to prosecute the appeal.

ID.—APPEAL FROM ORDER TOO LATE—SERVICE OF NOTICE AFTER SIXTY DAYS—DISMISSAL.—Where the appeal from an order denying a new trial was taken too late, in that the notice of appeal was not served within the sixty days' time required therefor by the terms of sections 939 and 940 of the Code of Civil Procedure as the law stood when the appeal was taken, prior to the adoption of section 941a by the legislation of 1907, the appeal must be dismissed.

7 Cal. App.—1          (1)

MOTION to dismiss appeal from an order of the Superior Court of Nevada County, denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

Chas. W. Kitts, for Appellant.

Thos. S. Ford, for Respondent.

HART, J.—This is an appeal by the defendant from an order denying his motion for a new trial, upon a statement of the case.

The action was brought to quiet title to certain land situated in Nevada county. The plaintiff claims title through a homestead patent issued to him by the government of the United States in the month of August, 1893. The defendant's claim of title is based upon an alleged purchase of the land from the Central Pacific Railroad Company on the first day of June, 1891, it being contended that said land was embraced within the grant to said railroad company from the general government, by virtue of an act of Congress of the United States, approved July 1, 1862, entitled "An Act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean and to secure to the government the use of the same for postal, military and other purposes," [12 Stats. 489], and an act amendatory thereof, approved July 2, 1864, [13 Stats. 356], by which the United States granted to said railroad company "each odd-numbered section on each side of the line of its railroad to be located as provided by said acts and which was within twenty miles of said line." At the time the homestead patent was issued by the government to the plaintiff the defendant had possession of and was living upon a portion of the disputed land; but subsequently to the issuance of said patent to plaintiff, the defendant took a lease of the premises from plaintiff, the same being in writing, at the nominal rental consideration of one dollar per year.

The defendant, after answering by denial the averments of the complaint, sets out, by way of cross-complaint, a history of his title to the land, and upon the facts thus alleged asks for affirmative relief, viz.: That the plaintiff be declared the

holder of "said patent and title of said premises in trust for this defendant; that he be directed and obliged to reconvey the same to this defendant," etc. The court found from the evidence all the allegations of the complaint to be true, and accordingly entered a decree quieting plaintiff's title to the demanded premises.

Respondent presents a motion to dismiss the appeal upon three grounds: 1. Because the appellant "had not legal capacity to sue or be sued or take this appeal"; 2. Because "this court never obtained jurisdiction of the case"; 3. Because the appeal was not taken within the time prescribed by law.

We will first dispose of the second ground of the motion to dismiss in the order in which the several grounds are thus presented.

The appellant served upon respondent, on the seventh day of February, 1907, a notice that he appealed from the order "to the Supreme Court of the State of California." According to the clerk's certificate, an undertaking on appeal was filed by appellant on the sixth day of February, 1907. The notice was dated on the sixth day of February, but it does not affirmatively appear when the notice was filed. But for the purpose of the present discussion the date of filing may be passed without further consideration at this time. If the appeal was perfected or properly taken it was undoubtedly to the supreme and not to this court. On the back of the fly-leaf of the transcript (and the same is true as to the briefs of the respective counsel) the title of the court is as follows: "In District Court of Appeal, Third Appellate District, State of California." The suit is one in equity and of that class of causes of which, therefore, by the terms of section 4 of article VI of the constitution this court is not vested with appellate jurisdiction, except where, as here, the supreme court orders the transfer of the same to a district court of appeal for decision. It is apparent from the record that the appellant sought to take his appeal to the proper tribunal, and did do so if he filed and served his notice within the time prescribed by law and took such other timely steps as are essential to the perfection of an appeal. But, through a mistake, due perhaps to a misapprehension of the county clerk, such misapprehension being occasioned, no doubt, by the misleading manner of the printed backing on the tran-

script and briefs, the cause was placed on the September calendar of this court. Counsel for appellant appeared personally in court and moved for an order transferring the case to the supreme court on the ground that the appeal had in fact been taken directly to that court. The respondent insisted upon his motion to dismiss upon the ground, among others, already enumerated, that this court had no jurisdiction of the appeal. A statement of the nature of the action at once disclosed that the relief sought by both parties was one solely cognizable in a court of equity, and hence it was quite manifest that this court could not acquire jurisdiction of the case by direct appeal. Upon taking up the record, after the submission of the cause, we conceived it to be our duty, in view of the status of the cause before us, to order the same transferred to the supreme court, and accordingly we made such order, and thereafter the case was transferred to this court for decision. Among the papers we find with the record of the case is a document which was filed on the first day of November, 1907, a few days subsequently to the order of the supreme court transferring the cause here for decision. This document is signed by the attorneys for the respondent, and appears to bristle with indignation because this court transferred the case to the supreme court under the authority of rule 32 of this court, and with considerable warmth the learned counsel declare that it was our duty to have ordered a dismissal of the appeal, and that rule 32 has no application to the circumstances of the case as it appeared on the calendar of this court. It may be that within the ordinarily untrodden range of the recondite learning of the gentlemen representing the respondent, and, therefore, esoterically hidden from the common view, there is to be found some sound reason for the exercise by this court of the remarkable power of ordering a dismissal of an appeal taken to the supreme court; but, from our point of view, it seems to be a proposition readily obvious to the average intelligence that this court has no more right to dismiss an appeal to the supreme court, merely because the cause has by mistake or through inadvertence found its way to our calendar, than it would have to dismiss any other appeal to that court upon the motion of counsel. It ought not to be necessary to remark that we have no conceivable authority to interfere with

the jurisdiction of the supreme court. And it ought to be equally as unnecessary to observe that the test determinative of the court to which an appeal *is taken,* is not the title of the court on the printed back of the transcript or of the briefs, but is the language of the notice of appeal itself. The case could have been removed from our calendar by either of two proper methods, viz.: By striking it from the calendar or by the course adopted and pursued by us. By the latter course, the cause was certain to go where it properly belonged, without further action. By the former, it is probable that an application to the supreme court would have been necessary, in order to get it upon the calendar of that court, for an order requiring the clerk of this court to transmit the record to the former court, thus causing extra trouble and expense. But in either case, it is manifest, the cause must have finally gone where it belonged.

We will now proceed to a consideration of the other grounds upon which a dismissal of the appeal is asked. The defendant, Schuerman, it seems, died after judgment was had and entered against him by the court below. In order, therefore, to prosecute an appeal in this case, Mulroy was, upon petition, appointed special administrator. The order of appointment recited that Schuerman died intestate in Nevada county on December 1, 1906, leaving estate in said county, etc., and that it appears to be necessary that a "Special Administrator of the Estate of said decedent be forthwith appointed to *preserve and protect the same."* It is contended that neither the order appointing nor the special letters gave Mulroy authority to maintain this appeal because his powers as such special administrator are not therein specifically pointed out, or, in other words, because he is not so expressly authorized to prosecute the appeal. This contention is based on the language of section 1412 of the Code of Civil Procedure, so much of which as is pertinent to the question here reads as follows: "The appointment may be made at any time, and without notice, and must be made by entry upon the minutes of the court *specifying the powers to be exercised by the administrator."* We think the language of the order is broad enough and sufficiently specific to bring the matter of maintaining this appeal within the authority and powers conferred upon him as special administrator by the special letters granted to him, construed by the light of said order of appointment.

We can conceive of no more appropriate steps which could be taken by an administrator to "protect and preserve" the property of the estate of his intestate than by prosecuting an appeal from a judgment or order involving the property rights of the estate and which he may be advised has been erroneously entered against the intestate. The authorities cited by counsel upon this point have no application to the question here. Nor do we think that the case of *Collins* v. *O'Laverty,* 136 Cal. 35, [68 Pac. 327], and other cases cited to the same point, are open to the interpretation which counsel seem to give them. It is true that the action here is not one for the specific recovery of the possession of the premises; but the issue tendered by the complaint and cross-complaint and consequently to be determined is the title to or ownership of the land, and if the issue is decided adversely to the claim of the appellant, then at least a potential right of possession would vest, *eo instanti,* in the respondent, who, when the same ripened into the right of possession, would be entitled to reduce such right to actual possession. If the parties were reversed in the character in which they appear here as litigants, of course the same would be true. In his cross-complaint, the defendant, who was in possession at his death, declares that he is the owner of the land, and alleges that the respondent obtained a pretended title from the government by unlawful means, and asks that respondent be decreed to hold his evidence of title—the homestead patent—in trust for him. The special administrator, in prosecuting this appeal, in an action which, upon a cross-complaint, as we have seen, seeks affirmative relief upon behalf of his intestate upon the ground that the latter was the owner of the disputed property, is, we doubt not, clearly acting within the powers as such administrator granted to him by the court —to *preserve and protect* the estate of the decedent.

But we are of the opinion that the appeal must be dismissed upon the third ground upon which a dismissal is asked. The statute (Code Civ. Proc., secs. 939, 940), as it existed at the time the appeal herein was sought to be taken, required that the notice of appeal should be filed and *served* on the adverse party within sixty days after the order was made and entered in the minutes of the court. Here the order was made and entered on the eighth day of December, 1906, and the notice was apparently filed on February 6, 1907 (al-

though it is not clear from the record that it was so filed), but not served on the "adverse party" until the seventh day of February, 1907. Thus it appears that service was made on the sixty-first day after the order was made and entered. The statute reads: "An appeal *is taken by filing with the clerk of the court* in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, *and serving a similar notice on the adverse party or his attorney.*" It is thus to be observed that two initiatory steps must be taken in order to consummate the appeal—*filing* of a notice of appeal and *serving* a similar notice upon the adverse party or his attorney. A failure to do either of these two things within the time within which a party has the right to appeal is fatal to the taking of the appeal. The statute is the sole source from which the right of appeal flows, and every step which is thereby required to be taken in order to perfect an appeal is jurisdictional, and without observance of which there can be no appeal effected. If the service upon the adverse party or his attorney of the notice *one day* after the time limited within which an appeal may be taken would be effective, then such service ten or twenty days thereafter would be equally as effective, and the language of the statute would thus be rendered meaningless. The provision as to the *service* of the notice is equally as mandatory as that with reference to the *filing,* and it would not for a moment be contended that a filing of the notice after the time limited by the statute would have any force. To give the section any other construction would amount to an elimination by judicial legislation of the provision as to the time of service of the notice.

The legislature of 1907 (Stats. 1907, p. 753) added a new section to the Code of Civil Procedure, numbered 941a, which seems to repeal that part of section 940, *supra,* requiring the service of the notice upon the adverse party or his attorney. But, as seen, the appeal in the case at bar was attempted to be perfected under said section 940 prior to the approval of section 941a.

The appeal is dismissed.

Chipman, P. J., and Burnett, J., concurred.