AMERICAN COLONIAL BANK OF PORTO RICO, PLAINTIFF AND APPELLEE, *v.* RAMOS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.—Motion for Dismissal.

No. 3399.—Decided December 23, 1924.

APPEAL—NOTICE OF APPEAL—FILING NOTICE OF APPEAL.—In order to file a notice of appeal with the secretary of the court, as provided in section 296 of the Code of Civil Procedure, it must be delivered to him in his office where the law requires him to keep his books and records and receive and file papers.

ID.—ID.—ID.—The delivery of a paper to the secretary of the court at a place away from the office where it is required to be filed is not sufficient even if he endorses it as filed.

ID.—ID.—ID.—When a notice of appeal is delivered to the secretary outside of his office on the night of the last day of the period allowed for filing it the appeal will be dismissed as not taken in due time and form.

ID.—ID.—NOTICE BY MAIL.—A notice of appeal mailed to the adverse party or his attorney on the last day of the period allowed for appealing is valid under section 296 of the Code of Civil Procedure, although the appellee did not receive it until three days later.

The facts are stated in the opinion.

*Mr. C. B. Buitrago* for the appellants.

*Messrs. O. B. Frazer* and *R. Castro Fernández* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

It is moved to dismiss the appeal (1) because the notice of appeal was not delivered to the clerk in due time and manner and (2) because the adverse party was not given notice in time.

Both parties agree to the facts on which the first question is based. The judgment appealed from was rendered on June 10, 1924, and notice of it was given on the 11th of the same month. Therefore the time within which to appeal expired on the 11th of July. At 10 o'clock p. m. of the said 11th of July when the clerk of the court which rendered the judgment was in his private residence one of attorneys for the appellant delivered to him the notice of appeal. On the following morning the clerk took the notice of appeal to the court.

The appellee contends that although the notice was delivered to the clerk on the 11th of July it had no legal effect because the delivery was not made in his office, citing various cases in support of the contention, including two decided by the Supreme Court of California.

The facts in the first of the two California cases are similar to those of this case and are summarized as follows:

"The office of the county clerk of Santa Clara County opens at nine a. m., and closes at five p. m. After the hour of five p. m., appellant's attorney went to the office of the county clerk to file his undertaking upon appeal. It was the last day allowed him by law for this purpose. Finding the office closed, he went to a social club in the city of San José, where he found one of the deputy county clerks. To him he explained the circumstances. The deputy took the undertaking and indorsed it as filed upon that day and date. At 9:30 a. m., upon the following day, respondent's attorney visited the clerk's office, examined the proper books and registers, and found no record of the filing in the clerk's office of the necessary undertaking. Thereafter the deputy county clerk to whom had been instrusted the understaking, arriving at the office, delivered the bond to a fellow-deputy, who placed it in its proper receptacle and made in the proper books the entry of its filing."

And the court said:

"Regardless of the varying phraseology of the statutes, in contemplation of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose. We do not mean by this that there are not many acts which a ministerial officer may do outside of the four walls of his office. Nor do we mean to be understood, as has been said, that when a proper filing or offer of filing has been made by a party, that he shall suffer for the remissness of the clerk in the performance of his duty. But the proper offer means more than a mere presentation to the officer. It means a presentation to him at the proper place, and within the proper time. When this has been done, the party is required to do no more, and he will not be endangered in any of his rights by the failure of the clerk, in turn, to perform his duty. As was said in *Tregambo* v. *Comanche, etc., Mining Co.*, 57 Cal. 501: 'Filing a paper consists in presenting it at the proper office and leaving it there, deposited with the papers in such office.' " *Hoyt* v. *Stark*, 134 Cal. 178, 180.

The other case is *Edwards* v. *Grand*, 121 Cal. 254. Therein the court reaffirmed and applied the doctrine laid down in other cases, as follows:

"An instrument is 'filed' for record when it is deposited in the proper office, with a person in charge thereof, with directions to record it. (*Tregambo* v. *Comanche, etc., Co.*, 57 Cal. 501.) Indorsing the fact and time of its deposit is not an essential part of the filing. (*Bishop* v. *Cook*, 13 Barb. 326; *Smith* v. *Biscailuz* 83 Cal. 344.) Delivering an instrument to the proper officer at a place other than the office where it is required to be filed is not sufficient, even though the officer indorse it as properly filed. (*Schulte* v. *Minneapolis Bank*, 34 Minn. 48. See, also, *Estate of Sbarboro*, 63 Cal. 5.) The court, therefore, properly held that the mortgage was executed and recorded before the declaration of homestead was filed for record."

In 25 Corpus Juris there is an abundance of jurisprudence on this point. We think it well to transcribe from the text the definition given of the word "filed," a variation of which is used in the original English text of section 296 of the Code of Civil Procedure that prescribes the manner of taking an appeal. The word *"entregando"* used in

the Spanish text is not an exact translation of the word "filing." Corpus Juris says:

"The word 'filed' has a well defined meaning, signifying delivered to the proper officer and by him received to be kept on file; delivered into the actual custody of the officer designated by the statute, to be kept by him as a permanent record of his office; also strung upon the thread, string, or wire; and sometimes, made, as of an affidavit. The word carries with it the idea of permanent preservation of the thing so delivered and received that it may become a part of the public record, and includes the idea that the paper is to remain in its proper order on the file in the office." 25 C. J. 1124, 1125.

Defining the expression "filed with the clerk" (section 296 cited uses the phrase "filing with the secretary"), a note on page 1126 of 25 Corpus Juris is as follows:

"In order to be 'filed' with the clerk, a paper must be delivered to him in his office, where the law requires him to keep his books and files, and to receive and file papers. Matter of Norton, 25 Misc. 48, 49; 53 N. Y. S. 924."

In California Jurisprudence, which contains the substance of the decisions of the Supreme Court of that state, some of which have been cited, the matter is condensed as follows:

"The rules as to the filing of papers generally are applicable in determining when a notice of appeal is filed. A paper is filed when it is delivered at the place where it is to be filed, to the proper officer, and by him received to be kept on file. If the filing can be proved by parol, the proof must show actual delivery of the paper to the clerk or one of his deputies, a delivery to him for the purpose of filing, and a delivery at the place where it is to be filed. Delivering a paper to the proper officer at a place other than the office where it is required to be filed is not sufficient even though the officer indorse it filed. And merely leaving or depositing the notice in the clerk's office after office hours when no one is in the office does not constitute a legal filing on that day. The clerk is justified in refusing to file a notice of appeal until the payment of his fee, and a notice sent him by express is not deemed filed on the day of its receipt when the clerk immediately informs the attorney

for the appellant that it would not be filed except upon the payment of the filing fee." 2 Cal. Jur. 326, 327.

Therefore, construing the law in force in Porto Rico in the light of the jurisprudence cited, it follows that the appellee is right. Not only was the notice of appeal not delivered to the clerk in his office, but it was not delivered to him until 10 p. m. Under the circumstances of this case the delivery became effective only when on the following day, the 12th of July, the clerk filed the notice in his office, and then the time allowed by law within which to appeal had expired.

The appellant cites the case of *Sampol* v. *Heirs of Colón,* 30 P.R.R. 463. The facts on which the decision of the court was based did not show where the notice of appeal was received by the representative of the clerk to whom the registered package containing it was delivered. We must presume that it was in the clerk's office.

As the appeal must be dismissed on the first ground of the motion, it is unnecessary to consider the second. However, as it involves a question arising constantly in practice, we will say that the appellee is right in contending that the notice must be served on the adverse party or his attorney within the statutory period (section 296 of the Code of Civil Procedure and *Davez* v. *Schuerman,* 93 Pac. 297, 7 Cal. App. 1); but we must say also that if it is admitted, as the appellant attempted to prove by an affidavit, that the notice was mailed on the 11th of July, then the statute was complied with and it is understood that the service was made on that day, although the appellee received the notice three days later.

The cases of *Díaz* v. *Pastor,* 29 P.R.R. 88; *Patxot* v. *Nadal,* 19 P.R.R. 350; *Oronoz* v. *Montalvo,* 20 P.R.R. 254; *Delgado* v. *Hutchison,* 20 P.R.R. 452, and *Alvarez* v. *Successors of C. & J. Fantauzzi,* 27 P.R.R. 488, cited by the appellee, are not in point. Here the notice of appeal was given to "the adverse party or his attorney" and that

matter is governed by section 322 of the Code of Civil Procedure, which reads as follows:

"In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within (which) such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all."

By virtue of all of the foregoing the motion of the appellee must be sustained on its first ground and the appeal dismissed.

*Motion for dismissal sustained.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.