JUAN RIVERA ARROYO y VALENTÍN CRUZ, demandantes y apelantes, *v.* DOMINGO RIVERA O'FERRALL, MARÍA DE LA CRUZ RIVERA Y O'FERRALL, representada por GERÓNIMO MARTÍNEZ, NICOLÁS RIVERA O'FERRALL representado por FRANCISCO RIVERA SUÁREZ; MARIANA RIVERA O'FERRALL representada por JESÚS MARÍA CRUZ; BRÍGIDA Y JUAN GALLARDO Y RIVERA; RUFINO Y ELVIRA RIVERA O'FERRALL Y JESÚS MARÍA SANTIAGO, demandados y apelados.

No. 4047.—*Visto:* Mayo 13, 1927.  *Resuelto:* Julio 19, 1927.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA—RECURSO POR CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—PARTES A QUIENES HAY QUE NOTIFICAR EL ESCRITO DE APELACIÓN—DEMANDADOS REBELDES.—En acción contra varios demandados en la que sólo uno de éstos comparece y los demás están rebeldes, y se apela contra la sentencia que declara sin lugar la demanda, el escrito de apelación debe notificarse no sólo al que compareció sino a aquellos en rebeldía.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE JURISDICCIÓN APELATIVA.—Cuando en acción contra varios demandados el escrito de apelación se notifica sólo a uno que compareció y no a los otros en rebeldía, el Supremo no adquiere jurisdicción y procede desestimar el recurso interpuesto.

3. PARTICIÓN—POR ACTO DE LAS PARTES—PARTICIÓN DE HERENCIA—APROBACIÓN JUDICIAL—EN GENERAL.—En acción para obligar al otorgamiento de una escritura de partición de inmueble anteriormente dividido entre unos herederos, cuando no aparece claramente que ésta realmente se hizo ni que dichos here-

deros eran mayores de edad al efectuarla, y entre los demandados en la acción hay herederos menores de aquéllos, tiene quizás razón la corte al sostener que no cabe otorgar la escritura de partición sin la previa aprobación judicial.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar la demanda, sin costas. *Desestimado el recurso por falta de jurisdicción.*

*Enrique Campillo,* y *Manuel Tous Soto,* abogados de los apelantes; *Manuel F. Rossy,* abogado del apelado Domingo Rivera O'Ferrall.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un pleito contra numerosos demandados que eran herederos de Nicasia O'Ferrall o algunos de los causahabientes de dichos herederos. El objeto del pleito era obligar a dichos demandados a otorgar una escritura de partición de inmueble que según se alegaba había sido en realidad dividida anteriormente entre los herederos de Nicasia O'Ferrall. Los demandantes son compradores de algunos de los herederos. Entre otras cosas hubo una supuesta escritura de partición en que comparecieron cuatro de los herederos.

La corte de distrito en su opinión menciona el hecho de que cuatro de los herederos se reunieron e hicieron la distribución para los seis herederos que originalmente componían la sucesión. Algunos de los demandados, herederos de herederos, eran menores de edad al tiempo de otorgarse la escritura y la corte resolvió que cuando había menores no podía otorgarse una escritura de partición sin la aprobación judicial y citó el caso de Ex parte Sotomayor, 24 D. P.R. 185.

[1, 2] Los apelantes señalan varios errores, siendo el principal de ellos que la partición realmente ya había sido hecha y que el presente procedimiento era únicamente para obtener una escritura o reconocimiento de hechos u obligaciones mutuas que en realidad se habían efectuado o creado entre las partes.

De un examen de los autos aparece que solamente uno de los demandados contestó. La exposición del caso dice

que se anotó la rebeldía de los otros demandados. Dicha exposición no demuestra la forma en que se anotó la rebeldía o en que se hicieron los emplazamientos. Examinábamos los autos para averiguar cómo se hizo formar parte del caso a los menores, cuando descubrimos un error aún mayor.

Según hemos dicho, tan sólo contestó uno de los demandados. Los demandantes apelaron de la sentencia declarando sin lugar la demanda. El escrito de apelación, sin embargo, fué notificado exclusivamente al demandado que contestó la demanda. No se notificó de la apelación a ninguno de los demandados que se alegaba estaban en rebeldía, incluyendo a los supuestos menores. Todos los demandados eran necesariamente partes contrarias. Por tanto, esta corte no adquirió jurisdicción y debe desestimarse la apelación. *Galafar* v. *Sucesión Morales,* 22 D.P.R. 493 y *casos citados; Ninlliat* v. *Suriñach,* 25 D.P.R. 548; *Bravo* v. *Martínez Hermanos,* 31 D.P.R. 483.

[3] Dudamos, además, que los demandados menores de edad fueran traídos debidamente ante la corte y que alguno de los procedimientos fuera obligatorio en forma alguna para ellos.

Nos inclinamos a creer que la sentencia tendría que confirmarse de todos modos. Si bien es cierto que teniendo todas las partes ante la corte, si se hubiese hecho en realidad la partición los demandantes podían haber obtenido algún remedio; sin embargo, en el presente caso los demandados menores de edad no hubiesen quedado obligados por la prueba. Los autos no revelan, en cuanto hemos podido averiguar, que todos los demandados eran mayores de edad al tiempo de efectuarse la supuesta partición. No se demostró que uno de los herederos, la madre de los menores, era adulta cuando se hizo la supuesta partición, cuya fecha no parece haberse hecho constar. Dudamos que aún se estableciera claramente que en realidad se hizo una partición. Bajo las circunstancias del caso pudo fácilmente parecerle

al juez de la corte inferior que no se efectuó ninguna partición y no estamos, pues, convencidos de que éste estuviera equivocado al sostener que era necesario obtener la aprobación judicial.

*Debe desestimarse la apelación.*