RAFAEL CARRIÓN PACHECO, Plaintiff and Appellant, *v.* CHARLES E. LAWTON ET AL., Defendants and Appellees.

No. 5930. Argued January 25, 1932.—Decided January 28, 1932.

*J. Henri Brown, C. Ruiz Nazario,* and *G. González* for appellant.   F. *Soto Gras* and *R. Díaz Collazo* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Charles E. Lawton, defendant and appellee, has moved through his attorney to dismiss this appeal on the ground that the notice thereof was not served on every defendant as required by law.

The defendants are Charles E. Lawton, George H. Joy, Arturo L. Carrión, and Vicente Rodríguez Rivera. The judgment appealed from was rendered on October 20, 1931, and notified to the defeated party on the 26th. The notice of appeal to the clerk was filed in his office on the following November 25, together with proof of the service of notice on defendant Lawton through one of his attorneys of record. As regards the service of notice on defendants Joy, Carrión, and Rodríguez, the following appears:

"Cándido Morales, being first duly sworn, deposes and says: That his name is as above sworn and that he is over 21 years of age, single, a resident of San Juan, and that he is not a party to nor is he interested in the present action; that on this 25th day of November, 1931, he received from attorney Clemente Ruiz Nazario three true and faithful copies of the foregoing notice of appeal and that on the same date he deposited them in the post office of this city of San Juan, enclosed in registered, sealed envelopes, postage being prepaid; that

'one of said copies was addressed to defendant George H. Joy, c/o Raleigh Gas Co., Raleigh, North Carolina, which is the present address of said defendant; that another copy was addressed to defendant Arturo L. Carrión, at 417 West 120th St., New York City, N. Y., the present address of said defendant, and that the remaining copy was addressed to defendant Vicente Rodríguez Rivera, at Cayey, P. R., which is the address of said defendant.— I further depose that there is a regular mail service between this city of San Juan and Raleigh, North Carolina; New York City, N. Y., and Cayey, P. R.—San Juan, P. R., Nov. 25, 1931.—(Signed) Cándido Morales, Deponent.—Sworn to and subscribed before me this 25th day of November, 1931, in San Juan, Puerto Rico. (Signed) P. N. Colberg, Clerk of the District Court of San Juan, P. R.''

Appellant Lawton maintains that this is insufficient to show that the law was complied with: First, because it appears that defendants Joy, Carrión, and Rodríguez were notified by mail on the day when the term expired but not personally, and the notice must have been received after the expiration of the said term; and second, because it does not appear that the notice was addressed to the place of residence of the defendants, nor that the person who served the notice and the person served resided at different places between which there was a regular communication by mail.

The appellant has filed a written opposition together with a lengthy and detailed affidavit of Cándido Morales, the person who mailed the notices. To said affidavit there are attached the receipts for registered matter delivered to Morales by the Postmaster of San Juan, and the cards showing the receipt by defendants Carrión and Rodríguez, of the envelopes containing the notices. There is also a statement regarding defendant Joy to the effect that the sealed, registered envelope mailed to his residence and postal address had not been returned and that, according to the information and belief of the affiant, it has been received by Mr. Joy.

As it is the purpose of the law that the appellee should be advised in time of the taking of the appeal so that he might defend his rights, should the question be raised and

any defects discovered in connection with the proof of service or the same is made to appear in the record there is no doubt that this Court would, on motion of the interested party, give the latter an opporunity to remedy such defects and to show that the service was in fact made in time in accordance with the law. If he does this, no dismissal of the appeal will lie based on any defect in the proof of service appearing on record.

This point having been made clear, we will take up the consideration of the questions raised by the appellees in their motion.

The first is without merit. In support of this conclusion it will suffice to transcribe the following from the opinion in *American Colonial Bank* v. *Ramos et al.*, 33 P.R.R. 851, 855–856:

"As the appeal must be dismissed on the first ground of the motion, it is unnecessary to consider the second. However, as it involves a question arising constantly in practice, we will say that the appellee is right in contending that the notice must be served on the adverse party or his attorney within the statutory period (section 296 of the Code of Civil Procedure and *Davez* v. *Schuerman*, 93 Pac. 297, 7 Cal. App. 1); but we must say also that if it is admitted, as the appellant attempted to prove by an affidavit, that the notice was mailed on the 11th of July, then the statute was complied with and it is understood that the service was made on that day, although the appellee received the notice three days later.

"The cases of *Díaz* v. *Pastor*, 29 P.R.R. 88; *Patxot* v. *Nadal*, 19 P.R.R. 350; *Oronoz* v. *Montalvo*, 20 P.R.R. 254; *Delgado* v. *Hutchison*, 20 P.R.R. 452, and *Alvarez* v. *Successors of C. & J. Fantauzzi*, 27 P.R.R. 488, cited by the appellee, are not in point. Here the notice of appeal was given to 'the adverse party or his attorney' and that matter is governed by section 322 of the Code of Civil Procedure, which reads as follows:

" 'In case of service by mail, the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit, but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within (which)

such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all.''

The second is also without merit. From the sworn statements made by Morales when filing the notice of appeal with the clerk and from his more detailed statements in the other affidavit attached to the writing of opposition it appears that defendants Joy, Carrión, and Rodríguez were not residents of the judicial district of San Juan at the time the notice of appeal was served on them; that between the places of their present residence and San Juan there is a regular communication by mail, and that pursuant to sections 320, 321, and 322 of the Code of Civil Procedure such notices were mailed to them in registered envelopes at their postal addresses and places of residence, all in the manner prescribed by said sections.

The law does not require impossibilities. The mail is an official institution working regularly and is a most essential part of the machinery of our civilized life. The appellant was entitled to avail himself of it and this he did in the manner prescribed by the statute. Until the presumption now existing is legally overcome, defendants Joy, Carrión, and Rodríguez must be considered as having been served in time with the notice of appeal and therefore the motion to dismiss should be denied.