EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARTÍN CRUZ CARRILLO, acusado y apelante.

Núm. 8458.—*Sometido:* Diciembre 16, 1940. *Resuelto:* Diciembre 23, 1940.

*Martín Cruz Carrillo,* por su propio derecho; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Martín Cruz Carrillo fué denunciado por dos delitos de acometimiento y agresión con circunstancias agravantes y otro de portar un arma prohibida por la ley, perpetrados los tres el 26 de enero de este año en la calle Nueva Palma de Tras Talleres, Santurce, San Juan, Puerto Rico.

Por estipulación de las partes los casos se vieron conjuntamente en la corte de distrito y en todos dictó sentencias condenatorias dicha corte imponiendo al acusado seis meses y un año de cárcel por los delitos de acometimiento y agresión y dos meses por el de portar armas prohibidas.

No conforme el acusado, apeló para ante este tribunal, elevándose los autos referentes a los tres recursos en un solo récord que fué radicado en la secretaría de esta corte en septiembre 16, 1940. Luego, personalmente, el apelante radicó tres documentos manuscritos, el último titulado "moción de alegato", señalándose la vista para diciembre diez y seis en curso.

El día de la vista sólo compareció el fiscal quien, al dar cuenta el secretario, se limitó a solicitar verbalmente la desestimación de los recursos por falta de jurisdicción, por no aparecer que los escritos interponiéndolos le hubieran sido notificados. Dicho funcionario no había presentado con anterioridad informe alguno por escrito sobre los méritos de las apelaciones.

Al examinar los autos a fin de decidir de acuerdo con los mismos la solicitud de desestimación, encontramos en efecto que al pie de los escritos interponiendo los recursos no hay notas de su notificación al fiscal, pero encontramos también que la transcripción de evidencia elevada se certifica así: "Certifico: Que la anterior es una transcripción fiel de la evidencia presentada por las partes en la vista de estos casos; habiendo servido copia de la misma al Hon. Fiscal del Distrito, Sr. Franco, y al abogado del acusado y apelante, Lcdo. L. Fernández Méndez, de acuerdo con la Ley.—San Juan,

P. R., julio 12 de 1940.—(Fdo.) J. Morales Díaz, Taquígrafo-Repórter.'', y que al pie de dicha certificación aparece de puño y letra de ambas partes lo que sigue: "No hay objeción. (Fdo.) H. Franco, Fiscal.—9/5/40.—Conforme: (Fdo.) Lionel Fernández Méndez.—Sept. 9/1940.''

Siendo ésos los hechos, el caso cae dentro de la regla del de *El Pueblo* v. *Loubriel,* 54 D.P.R. 1010, resuelto *per curiam* en mayo 31, 1939, como puede verse de los siguientes por cuantos en que fundó esta corte su resolución declarando sin lugar la desestimación solicitada por el fiscal también por falta de jurisdicción por no habérsele notificado el escrito interponiendo el recurso:

"Por cuanto una copia certificada de la transcripción de la evidencia fué servida por el taquígrafo al fiscal de distrito en septiembre 6, 1938, y dicho fiscal en diciembre 1, 1938, dentro de los seis meses siguientes a la fecha de la sentencia apelada, firmó el original de tal transcripción con la manifestación por escrito de no tener objeción alguna a la misma.

"Por cuanto la transcripción de autos fué radicada en la secretaría de este Tribunal en marzo 14, 1939, y la moción sobre desestimación no fué radicada hasta mayo 25, después de haber sido notificado el fiscal de este Tribunal con copia del alegato del apelante el mismo día en que fué radicado dicho alegato, algunos seis meses después de haber el fiscal de distrito expresado su conformidad por escrito con la transcripción de la evidencia, y algunos ocho meses después de haber sido notificado con copia de dicha transcripción."

Examinada la jurisprudencia anterior, encontramos que si bien consagra el principio de la necesidad de la notificación para que esta corte adquiera jurisdicción, tiende a que se tomen en cuenta actos demostrativos del conocimiento por parte del fiscal de la existencia del recurso, de su intervención en la tramitación del mismo y de su habilidad para defender a tiempo dentro de él los intereses que le están encomendados, a los fines de concluir si hubo o no un cumplimiento substancial de la ley y en caso afirmativo que hay jurisdicción para conocer del recurso. *El Pueblo* v. *Varela,* 41 D.P.R.

889, *El Pueblo* v. *Rubio*, 44 D.P.R. 889, *El Pueblo* v. *Mercado*, 45 D.P.R. 750.

Creemos que aquí hubo en efecto un cumplimiento substancial y por tanto que la jurisdicción existe. Como el fiscal no ha presentado aún informe alguno por escrito sobre los méritos de los recursos, parece conveniente que se señale una nueva vista para la fecha más próxima que sea posible. *Nuestra resolución debe, pues, limitarse a declarar no haber lugar a la desestimación solicitada.*