Pablo Casasús, Juana Rivera de Casasús e Isabel Casanova Vda. de Casasús, demandantes y apelados, *v.* White Star Bus Line, Inc., demandada y apelada.

Núm. 8352.—*Sometido:* Mayo 26, 1941. *Resuelto:* Junio 11, 1941.

*C. Iriarte, F. Fernández Cuyar, H. González Blanes* y *F. Alvarado, Jr.,* abogados de la apelante; *Géigel & Silva,* abogados de Isabel C. Vda. de Casasús, apelada; *Ortiz Toro & Ortiz Toro,* abogados de los otros apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los hechos incontrovertidos en este caso, según aparecen de una certificación expedida por el Secretario interino de la Corte de Distrito de San Juan, son los siguientes:

En la corte inferior Pablo Casasús y Juana Rivera de Casasús, como padres legítimos de su hijo Rogelio Casasús, e Isabel Casanova Vda. de (Rogelio) Casasús, radicaron una demanda de daños y perjuicios contra la White Star Bus Line, Inc., apareciendo suscrita dicha demanda por la firma profesional Ortiz Toro & Ortiz Toro, como abogados de los codemandantes Pablo Casasús y Juana Rivera de Casasús, y por la firma profesional Géigel & Silva, como abogados de la codemandante Isabel Casanova Vda. de Casasús; que la demanda estaba jurada tanto por Pablo Casasús como por Isabel Casanova Vda. de Casasús; que a través de todos los procedimientos subsiguientes en la tramitación del caso en la corte inferior los codemandantes continuaron siendo representados por las dos firmas profesionales antes mencionadas y todas las notificaciones hechas por el secretario lo fueron a ambas partes y la demandada siempre los notificó separadamente de sus alegaciones; que celebrado el juicio correspondiente con asistencia de las partes y sus abogados respectivos la corte dictó sentencia declarando con lugar la demanda el día 26 de febrero de 1941 la que fué notificada por el secretario, separadamente, a los Lics. Géigel & Silva; Ortiz Toro & Ortiz Toro e Iriarte, Fernández Cuyar, González Blanes y Alvarado, Jr., el día 1º. de marzo de 1941 archivando en los autos, en esa misma fecha, copia de dicha notificación; que el día 29 de marzo de 1941 la demandada por sus abogados radicó en la secretaría de la corte inferior un escrito de apelación el que notificó en igual fecha a los

abogados Ortiz Toro & Ortiz Toro; que el día 1º. de abril de 1941 los abogados de la demandada radicaron en dicha corte un escrito titulado "Notificación" dirigido a los abogados Géigel & Silva, notificándoles con copia del escrito de apelación que el 29 de marzo de 1941 habían notificado a los otros abogados de los demandantes.

Basándose en estos hechos los codemandantes, por sus abogados respectivos, Géigel & Silva y Ortiz Toro & Ortiz Toro, radicaron dos mociones en este tribunal solicitando la desestimación del recurso por haberse notificado el escrito de apelación de la demandada a la codemandante Isabel Casanova Vda. de Casasús el día 1º. de abril de 1941 o sea después de haber expirado el término que tenía la demandada apelante para interponer su recurso, por lo cual esta Corte Suprema carece de jurisdicción para considerarlo.

En un extenso escrito de oposición a la desestimación solicitada la demandada apelante termina diciendo:

"Finalmente, deseamos con gran énfasis reiterar ante esta Hon. Corte que lo que contendemos no es en forma o manera alguna que no debe exigirse notificación del escrito de apelación a la parte contraria dentro del término dispuesto por el estatuto para apelar. Lo que contendemos, y deseamos hacernos lo más claro posible, es que se debe notificar el escrito de apelación dentro del término dispuesto por ley, *pero que la omisión de hacer esta notificación dentro de dicho término no produce la falta de jurisdicción apelativa, sino que es un defecto de forma, una irregularidad, una infracción del estatuto, que puede o no ser motivo de desestimación de acuerdo con las circunstancias concurrentes en cada caso en particular.* En otras palabras, de probarse que la demora en la notificación ha afectado los derechos sustanciales del apelado, que le ha inducido a su perjuicio a cambiar de posición o que en cualquier forma demostrable le ha perjudicado, procedería la desestimación del recurso debido al defecto de forma, a la irregularidad o a la infracción del estatuto, pero de quedar demostrado que tal demora en la notificación en forma alguna ha perjudicado a la parte que solicita la desestimación, la justicia sustancial imperativamente demanda que no se prive al apelante de su valioso derecho de apelación." (Itálicas nuestras.)

Alega la representación de la demandada que "creyó que todos los abogados" de los demandantes "se representaban unos a otros y que tenían facultades cada uno de ellos para actuar en representación de todos los demandantes" porque el primer señalamiento del caso para juicio fué suspendido por convenio entre los abogados Ortiz Toro & Ortiz Toro y los abogados de la demandada para una fecha posterior, pero admite que dicho convenio se notificó a los abogados Géigel & Silva; que también el juez de la corte inférior citó para un "pre trial conference" a los Lics. Ortiz Toro & Ortiz Toro y a los abogados de la demandada sin incluir a los Lics. Géigel & Silva, pero también admite que a dicha conferencia asistieron todos los abogados interesados en el caso incluyendo a los Lics. Géigel & Silva, y que el convenio a que se llegó fué firmado por el Lic. Guillermo Silva en representación de todos los abogados de los demandantes; que durante el juicio actuó como "trial lawyer" el Lic. Jorge Ortiz Toro, pero admite que al juicio asistió también el Lic. Juan E. Géigel y los Lics. Ortiz Toro & Ortiz Toro al contestar el escrito de oposición niegan que el Lic. Jorge Ortiz Toro actuara como "trial lawyer" y que el Lic. Géigel meramente asistiera al acto del juicio y en contrario alegan que este último intervino en el juicio interrogando a dos testigos y conferenciando constantemente durante el acto del juicio sobre el manejo del mismo; que después de dictada la sentencia todos los demandantes radicaron un memorándum de costas firmado exclusivamente por el Lic. Jorge Ortiz Toro en el que juró que era abogado de los demandantes y se dió por notificado de la impugnación al mismo.

Somos de opinión que los hechos alegados por la demandada apelante no justifican la conclusión a que llega de que los codemandantes en este caso estaban representados indistintamente por los Lics. Ortiz Toro & Ortiz Toro o por los Lics. Géigel & Silva. Todos están cualificados por admisiones que demuestran que siempre intervinieron las dos firmas profesionales en todos los trámites del caso representando

a sus respectivos clientes. La última actuación del Lic. Jorge Ortiz Toro en relación con el memorándum de costas no tiene el alcance que quiere darle la apelante. Su actuación, a espaldas de los Lics. Géigel & Silva no puede perjudicar los derechos de la codemandante Isabel Casanova Vda. de Casasús.

■ Pasemos ahora a considerar el aspecto legal del caso.

La sentencia fué notificada y se archivó copia en los autos de la notificación el día 1º. de marzo de 1941, de manera que el mes que tenía la demandada para apelar de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil vencía el día 31 de marzo, pues dicho término de un mes debe entenderse de treinta días. *Abril* v. *Moreno et al.,* 14 D.P.R. 7; *Wolkers* v. *American Railroad Co.,* 20 D.P.R. 403; *Luce & Co., S. en C.* v. *Cintrón,* 42 D.P.R. 610; *Ríos* v. *Díaz,* 54 D.P.R. 697.

■■ Habiendo vencido el 31 de marzo el término para apelar, la notificación que se hizo a la codemandante Isabel Casanova Vda. de Casasús el día 1º. de abril lo fué cuando ya había expirado el término que para apelar tenía la demandada y por tanto en violación al artículo 296 del Código de Enjuiciamiento Civil, que dispone:

"Art. 296.—Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Repetidamente ha resuelto este tribunal que la notificación del escrito de apelación a una parte contraria interesada en la sentencia es un requisito necesario para que el recurso pueda estimarse interpuesto y que cuando no se le notifica este tribunal carece de jurisdicción para conocer del mismo y procede desestimarlo. *Ríos* v. *Ríos,* 15 D.P.R. 263; *Melchor Armstrong, etc.* v. *Banco Comercial,* 36 D.P.R. 91; *Montero* v. *Sucn. Santoni,* 55 D.P.R. 713; habiéndose resuelto, además, que la notificación es necesario hacerla no a una

sino a todas las partes interesadas en el caso. *Rivera Arroyo* v. *O'Ferral*, 37 D.P.R. 167; *Zalduondo Veve, Ex parte y P. R. Fertilizer Co.*, 47 D.P.R. 263.

■ También se ha resuelto ya por esta Corte que la notificación del escrito de apelación debe hacerse dentro del término fijado para la interposición del recurso. En el caso de *American Colonial Bank of P. R.* v. *Ramos, et al.*, 33 D.P.R. 890, aunque se desestimó por otro motivo, se dijo por medio del Juez Presidente Sr. Del Toro:

"Debiendo desestimarse el recurso por el primero de los fundamentos de la moción, se hace innecesario resolver el segundo. *Sin embargo, como envuelve una cuestión de práctica constante, diremos que tiene razón el apelado al sostener que la notificación a la parte contraria o a su abogado debe hacerse dentro del término fijado por el estatuto*—artículo 296 del Código de Enjuiciamiento Civil y jurisprudencia sentada en *Davey* v. *Schuerman*, 93 P. 297, 7 Cal. App. 1—, pero diremos también que si se acepta el hecho que se ha intentado probar por el apelante por medio de un *affidavit*, a saber, que la notificación se depositó en el correo el once de julio, la ley quedó cumplida entendiéndose hecha la notificación en tal día aunque el apelado la recibiera tres días después." (Itálicas nuestras.)

Posteriormente se resolvió el caso de *Seoane San Martín* v. *Cortés*, 38 D.P.R. 874, cuyos hechos son muy similares a los del caso que resolvemos, y también por medio del Juez Presidente Sr. Del Toro, se dijo:

"Que Angel C. Cortés fué un demandado en el pleito y que es parte necesaria en la apelación, surge de modo evidente de los hechos. Y que cuando finalmente notificado de la interposición del recurso en la persona de su abogado, había transcurrido el término de ley, también surge de modo evidente de los hechos.

"Siendo ello, así, la desestimación solicitada se impone como consecuencia inevitable de acuerdo con la ley y la repetida jurisprudencia de este tribunal."

El artículo 296 de nuestro Código de Enjuiciamiento Civil es igual al artículo 940 del de California, antes de ser enmendado en el año 1921, y la interpretación que las cortes de dicho estado le han dado es idéntica a la anteriormente expuesta.

En 2 Cal. Jur. 327, sección 116 se expone la doctrina así:

"La sección 940 del Código de Enjuiciamiento Civil de California, que se refiere a apelaciones hechas por el método regular específicamente requiere que se notifique el escrito de apelación a la parte contraria o a su abogado. Este precepto es igualmente mandatorio como el que se refiere al archivo de la notificación, y si ésta no se hace dentro del término estatutario y de acuerdo con los requisitos del estatuto para efectuar la notificación, la corte de apelación no adquiere jurisdicción efectiva del caso y desestimará la apelación a su propia moción o a moción del apelado."

Más adelante, a la página 348, en la sección 129, se dice:

"Una apelación no se perfecciona hasta que todas las cosas requeridas por el estatuto sean realizadas; en otras palabras, hasta que la notificación de la apelación ha sido radicada y cumplimentada. *El dejar de hacer cualquiera de estas cosas dentro del término que la parte tiene para apelar es fatal a la apelación, aunque la otra se haya realizado.* Por tanto, el dejar de notificar hasta que haya expirado el término estatutario es fatal a la apelación, aunque la notificación se haya radicado dentro del término." (Itálicas nuestras.)

En apoyo de esta doctrina véanse los casos de *Coker* v. *Superior Court*, 58 Cal. 177; *Dalzell* v. *Superior Court*, 67 Cal. 453; *San Francisco Law & Collection Co.* v. *State*, 141 Cal. 354; *Niles* v. *González*, 152 Cal. 90; y *Estate of Pendergast*, 143 Cal. 135.

En el caso de *Estate of Pendergast*, supra, la Corte Suprema de California fué más lejos aun en su interpretación del artículo 940, supra, al resolver que:

"Pero habiendo el apelante dirigido la notificación a algunas de las partes, no puede ir más allá para demostrar que las otras partes interesadas tuvieron conocimiento efectivo (actual knowledge) del hecho de que el abogado que los representó también representaba a los peticionarios a quienes se notificó. Conocimiento efectivo (actual knowledge) no puede sustituir la notificación de la apelación."

La Legislatura de California, dándose cuenta de la interpretación sumamente estricta que la Corte Suprema de dicho Estado le había dado al artículo 940 del Código de Enjuicia-

miento Civil, lo enmendó en el año 1921, eliminando el requisito de la notificación del escrito de apelación a la parte contraria, y desde esa fecha la mera radicación del escrito de apelación es suficiente para que el recurso quede debidamente establecido. *People* v. *Jackson,* 190 Cal. 257. En Puerto Rico, sin embargo, el artículo 296 de nuestro Código de Enjuiciamiento Civil nunca ha sido enmendado, permaneciendo redactado, por lo tanto, en la misma forma en que estaba su equivalente del Código de California cuando fué objeto por parte de la Corte Suprema de dicho Estado de la interpretación estricta a que hemos hecho referencia y que es igual a la interpretación que este tribunal le ha dado.

Sostiene la apelante, sin embargo, que disponiendo el artículo 350 del Código de Enjuiciamiento Criminal para las apelaciones en casos criminales sustancialmente lo mismo que lo que dispone el artículo 296, supra, para los casos civiles, esta Corte, en los casos de *Pueblo* v. *Cruz,* 57 D.P.R. 823 y *Pueblo* v. *Varela,* 41 D.P.R. 889, ha resuelto que no procede desestimar un recurso, no empece no haberse notificado al fiscal, cuando surge claramente que el fiscal conocía la existencia del mismo, intervino en la aprobación de la transcripción de evidencia y que si hubo un cumplimiento sustancial de la ley no procedía la desestimación. No tiene razón la apelante. El caso de *Pueblo* v. *Cruz,* supra, se resolvió que caía dentro de la regla del de *El Pueblo* v. *Loubriel,* 54 D.P.R. 1010, resuelto *per curiam* y del que se copiaron los siguientes por cuantos:

"Por cuanto una copia certificada de la transcripción de la evidencia fué servida por el taquígrafo al fiscal de distrito en septiembre 6, 1938, y dicho fiscal en diciembre 1, 1938, *dentro de los seis meses siguientes a la fecha de la sentencia apelada, firmó el original de tal transcripción con la manifestación por escrito de no tener objeción alguna a la misma.*

"Por cuanto la transcripción de autos fué radicada en la secretaría de este Tribunal en marzo 14, 1939, y la moción sobre desestimación no fué radicada hasta mayo 25, después de haber sido notificado el fiscal de este Tribunal con copia del alegato del apelante

el mismo día en que fué radicado dicho alegato, algunos seis meses después de haber el fiscal de distrito expresado su conformidad por escrito con la transcripción de la evidencia, y algunos ocho meses después de haber sido notificado con copia de dicha transcripción.'' (Itálicas nuestras.)

Y se resolvió que:

''Examinada la jurisprudencia anterior, encontramos que si bien consagra el principio de la necesidad de la notificación para que la corte adquiera jurisdicción, tiende a que se tomen en cuenta actos demostrativos del conocimiento por parte del fiscal de la existencia del recurso, de su intervención en la tramitación del mismo y de su habilidad para defender a tiempo dentro de él los intereses que le están encomendados, a los fines de concluir·si hubo o no un cumplimiento sustancial de la ley y en caso afirmativo que hay jurisdicción para conocer del recurso. *El Pueblo v. Varela,* 41 D.P.R. 889, *El Pueblo v. Rubio,* 44 D.P.R. 889, *El Pueblo v. Mercado,* 45 D.P.R. 750.''

Y en el caso de *El Pueblo* v. *Varela,* supra, después de citar el artículo 350 del Código de Enjuiciamiento Criminal, y refiriéndose al anterior, o sea al 349 que dispone que la apelación contra una sentencia debe entablarse dentro de los seis meses de pronunciada, se dijo·:

''*Dentro del término* prescrito por el anterior artículo, se radicó en secretaría un escrito de apelación y el acusado fué puesto en libertad bajo fianza. *Dentro de ese término* el fiscal de distrito manifestó, en conversación, que el acusado había apelado de la sentencia dictada en este caso. *Dentro de ese término el apelante notificó una moción solicitando la transcripción taquigráfica de la evidencia, y radicó la moción. En el párrafo inicial de esa moción, el apelante manifestaba que había apelado para ante la Corte Suprema de la sentencia dictada en este caso.* Posteriormente, el fiscal de distrito, junto con el abogado del apelante, firmó una estipulación sometiendo la transcripción de la evidencia al juez de distrito para su aprobación.

''

''El propósito del requisito estatutario respecto a la entrega de copia del escrito de apelación al fiscal de distrito es para informarle del primer paso dado por el apelante en la tramitación del recurso. *Aquí, el fiscal de distrito tenía conocimiento efectivo y escrito de la*

*apelación.* El aviso contenido en el primer párrafo de la moción solicitando la transcripción de la evidencia *era un cumplimiento substancial del estatuto.* Al firmar la estipulación para que se aprobara esa transcripción, el fiscal de distrito renunció cualquier defecto formal en el aviso así dado.''

De manera, que el tribunal no sólo tuvo en mente al resolver estos casos que el fiscal tenía conocimiento de la apelación y que se le había notificado la moción solicitando la transcripción de evidencia en la que se hacía constar que el acusado había apelado, sino que todo eso se hizo dentro del término que el acusado tenía para apelar o sea seis meses. De manera, que la notificación o cumplimiento sustancial con el estatuto se hizo dentro del término estatutario. Tanto en lo criminal como en lo civil la notificación de la parte contraria debe hacerse dentro del término para que esta Corte adquiera jurisdicción.

Habiéndose notificado la apelación en este caso a la co-demandante Isabel Casanova Vda. de Casasús después de haber vencido los treinta días que marca la ley, esta Corte carece de jurisdicción para conocer del mismo y como consecuencia, *se desestima el recurso.*

### EN MOCION DE RECONSIDERACION

#### Julio 14, 1941

La demandada apelante solicita reconsideremos la resolución dictada en este caso el día 11 de junio de 1941 por la que desestimamos el recurso por haberse notificado el escrito de apelación a una de las demandantes después de haber vencido los treinta días que marca la ley, careciendo, por tanto, este tribunal de jurisdicción para conocer del mismo.

Insiste la apelante en sostener que aun cuando ''debe notificarse el escrito de apelación dentro del término dispuesto por la ley . . . la omisión de hacer tal notificación dentro de dicho término no produce la falta de jurisdicción apelativa, sino que es un defecto de forma, una irregularidad,

una infracción del estatuto, que puede o no ser motivo de desestimación de acuerdo con los hechos concurrentes en cada caso particular'', y que en cuanto a esta contención suya nada resolvimos y que no hemos expuesto ''la razón de la regla'' establecida tanto por nuestra jurisprudencia como por la de California y otros estados, de que la falta de notificación dentro del término privà de jurisdicción a la Corte Suprema.

Nos parecía tan obvia la razón de la regla que no consideramos necesario expresarla. Y es que la ley requiere que tanto la radicación del escrito de apelación con el secretario de la corte sentenciadora como la notificación de dicho escrito a la parte contraria ò a su abogado, se hagan dentro del término de treinta días (artículos 295 y 296 Código Enjuiciamiento Civil). La obligación que impone la ley al apelante no queda satisfecha con el cumplimiento de uno de los dos requisitos exigidos. Tiene que cumplir con ambos. Si pudiéramos, por interpretación, establecer que hubo justificación para hacer la notificación del escrito de apelación, por algún motivo, un día después de vencido el término decretado por la ley, estableceríamos un precedente que traería como consecuencia el que las notificaciones de dicho escrito podrían hacerse en cualquier fecha después del término, siempre que la parte apelante adujera las razones que a su juicio justificaban su negligencia. Sería poner a los apelados en una situación de incertidumbre en cuanto a si la sentencia que habían obtenido a su favor era firme y ejecutable o no.

En 4 C. J. S. 1040, sec. 574, se expresa la doctrina general aplicable a estos casos así:

''Los estatutos corrientemente exigen que se le sirva una citación, emplazamiento o notificación de la apelación al apelado, y el cumplimiento del estatuto a este respecto es generalmente un requisito esencial *para poder apelar o invocar la jurisdicción de la corte de apelación, a menos que se renuncie a tal citación o notificación, según será explicado en detalle en la sección 595.* El hecho de que el apelado tuviera conocimiento de la apelación entablada no releva al

apelante de su deber de cumplir con los requisitos estatutarios, aunque hay autoridad al efecto de que la corte puede prescindir de la notificación en ese caso. *La Legislatura puede eliminar el requisito de la citación o notificación de la apelación, y la citación o notificación no es necesaria, a menos que sea exigida por estatuto.''* (Itálicas nuestras.)

En el caso de *Pankey* v. *Hot Springs Nat. Bank,* 84 P. (2d) 649, se hace la siguiente cita:

"Wade en su obra sobre Procedimientos Apelativos en Nuevo México dice que la citación es el procedimiento por el cual se notifica a una parte de haberse entablado apelación o de haberse solicitado la expedición de un auto de error. §262. Y que el propósito de la citación es el notificar a la parte contraria que el caso ha sido trasladado a un tribunal superior, *para que pueda comparecer allí y defender sus derechos. Dice que ejecuta substancialmente la misma función que un emplazamiento expedido por una corte inferior.* §263. Citando a *Daily et al.* v. *Foster,* 17 N. M. 377, 128 P. 71. En la sección 264, el Sr. Wade dice: *'Aquellos actos exigidos por el estatuto para perfeccionar una apelación son jurisdiccionales y deben ser estrictamente cumplidos para que la corte superior quede investida con poder para conocer de la apelación.* (Citando a *Farmer's Develapment Co.* v. *Rayado Land & Irrigation Co.,* 18 N. M. 138, 134 P. 216.) *Por lo tanto, a menos que la citación sea expedida de acuerdo con el estatuto, la corte de apelación no tendrá jurisdicción sobre el apelado cuando venza el término para diligenciar la citación y se verá obligada a desestimar el recurso.'* " (Itálicas nuestras.)

Según demuestra el caso de *Pankey,* supra, en el Estado de Nuevo México, por regla de la Corte Suprema se autoriza a la corte sentenciadora a relevar a la parte apelante de su negligencia en no haber notificado al apelado del escrito de apelación dentro de término, previa moción al efecto y dentro de la sana discreción de la corte inferior. Pero esto se hace porque la Legislatura de Nuevo México en el año 1927 derogó todas las disposiciones relativas a la notificación del escrito de apelación dejando esta materia a ser cubierta por la Corte Suprema en sus reglas, como al efecto lo hizo al aprobar la Regla VII, cuya sección 1ª dice:

"Dentro de los quince días después de haber sido admitida una apelación o expedido un auto de error, el apelante deberá notificarlo a las partes contrarias, y radicar prueba de la notificación en la corte de distrito. Ninguna parte que no haya sido así notificada será considerada parte apelada a menos que sea traída a corte por orden del tribunal que admitió la apelación o expidió el auto de error, a moción del apelante o peticionario y dentro de un procedimiento contencioso, y siempre dentro de la discreción de la corte y bajo términos justos."

Es cierto que la Corte Suprema de Nuevo México ha resuelto que la falta de notificación del escrito de apelación dentro del término no es jurisdiccional y que dicha corte puede extender el término, pero ello se debe, según se dice en el caso de *Childers* v. *Lahann,* 138 P. 202, citado en el de *Pankey,* supra, a que ni el estatuto, reglas de la corte o los procedimientos establecidos de dicho estado lo requieren "en términos claros y explícitos."

En Puerto Rico el estatuto sí lo requiere, en términos claros y explícitos y si bien el artículo 8 del Código de Enjuiciamiento Civil concede a la Corte Suprema poder para dictar reglamentos, los mismos, expresamente se dispone, que no deben estar "en conflicto con las leyes" y al efecto nuestra Regla 60 dispone que:

"Si el apelante dejare de cumplir *cualquiera de los deberes o requisitos que las leyes* o estas reglas *le impongan,* el Tribunal puede desestimar de oficio la apelación en cualquier día o a moción de la parte apelada, previa notificación al apelante."

En el caso de autos la apelante dejó de cumplir con el requisito de la notificación que le imponía la ley y este tribunal cumpliendo con la ley, y su reglamento y siguiendo la jurisprudencia establecida, desestimó el recurso.

*No ha lugar a la reconsideración solicitada.*